United States District Court
Southern District of Texas
FILED

JUN 0 9 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| GRACE A. WINFREY, Interim Field | § | Case No. B-04-59 |
| | § | DHS A No. 91 241 238 |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, AARON | § | |
| CABRERA, Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, and TOM RIDGE, Secretary | § | |
| Department of Homeland Security, and | § | |
| JOHN ASHCROFT, U.S. | § | |
| Attorney General, | § | |
| Respondents | § | |

PETITIONER'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 65, Petitioner Anselmo Palomares-Pena, through his attorney, requests that this Court grant him a preliminary injunction ordering Respondents to release Mr. Palomares-Pena from detention. In support of this motion, Mr. Palomares-Pena would show as follows:

1.  On April 2, 2004, Mr. Palomares-Pena filed a Petition for Writ of Habeas Corpus seeking his release from detention on an emergency, expedited basis. The First Amended Petition was filed on or about May 28th, 2004. Since September 28, 2003, Respondents have detained Mr. Palomares-Pena in violation of his constitutional and statutory rights.

2.  Mr. Palomares-Pena was born in Mexico and was admitted to the United States on January 18, 1988, as a Temporary Resident and, in January, 1990 as a Permanent Legal Resident. For almost twenty-five (25) years, since the 1970's, he resided with his family in Rosenberg, Fort Bend County, Texas. Prior to his detention, he was employed by Troy

Construction, Houston, Texas for approximately twenty-five (25) years where he is considered a "valued employee". He has always filed his income tax returns. He is not a flight risk or a danger to the community.

3. Besides raising his children who are grown, he also is raising his U.S. citizen niece, now age fourteen (14), who was left to Mr. and Mrs. Palomares-Pena by the baby's mother when she was only eight (8) months old without contact from the natural mother.

4. On or about September 28, 2003, Mr. Palomares-Pena traveled to Mexico to visit his sick mother-in-law. His trip to Mexico lasted less than two (2) days.

5. On September 29, 2003, Mr. Palomares-Pena attempted to return to the United States after his brief, casual trip abroad. When he presented himself at the Pharr International Bridge, agents of the Department of Homeland Security (DHS) arrested Mr. Palomares-Pena because of his 1996 Texas state court judgment of deferred adjudication.

6. Respondents assert that Petitioner's 1996 offense was a crime identified in Sec 212 (a) (2) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2). Pursuant to Sec 101(a)(13), 8 U.S.C. § 1101(a)(13), an offense identified in 8 U.S.C. § 1182(a)(2) renders a legal permanent resident an applicant for admission (also referred to as an "arriving alien") and inadmissible to the United States.

7. Based on Petitioner's Judgment of Deferred Adjudication, Respondents detained Mr. Palomares-Pena pending his removal proceeding.

8. Because he was detained as an "arriving alien" no Immigration Court had jurisdiction to consider any application for bond in his case. Upon a decision on the merits by the Immigration Judge that he was removable, Mr. Palomares-Pena appealed the pretermission of the case. The Board of Immigration Appeals on March 22, 2004 upheld the decision without opinion, and the instant Petition for Writ of Habeas Corpus followed.

9. Mr. Palomares-Pena has deep roots in the United States. He has lived here for many years, developing strong family, economic, employment and social roots. Nothing in his history suggest that he is not a flight risk or a continuing danger to the community. His prolonged detention deprives his family of his companionship and financial security.

10. There is no justification for Respondents' decision to detain him or for the length of Mr. Palomares-Pena's detention. His detention can last several more months or even years while the underlying constitutional and statutory issues are litigated. Other cases

involving similar substantive issues are abated pending the outcome of related litigation in *Laura Estela Salazar-Regino, et al v. E.M. Trominski, INS District Director*, pending before the 5th Circuit Court of Appeals as Case No. 03-41492. There is no better time for the Court to consider the merits of Mr. Palomares-Pena's continued detention.

11. Pursuant to Federal Rule of Civil Procedure 65, Mr. Palomares-Pena seeks injunctive relief from this Court to protect his constitutional rights. The grant of injunctive relief is proper where the plaintiff shows: (1) there is a substantial likelihood the plaintiff will prevail on the merits; (2) there is a substantial threat that the plaintiff will suffer irreparable injury; (3) the threatened injury to the plaintiff outweighs the threatened harm that an injunction may cause the defendant; and, (4) granting the preliminary injunction will not disserve the public interest. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1056 (5th Cir. 1997) (affirming injunction to prevent governmental officials from taking unconstitutional actions to violate the plaintiff's protected rights). Because he satisfies all of the requirements for issuing a temporary restraining order and/or preliminary injunction, this Court should grant Petitioner's request for injunctive relief.

### I. Petitioner Will Likely Prevail On the Merits of His Claim

12. Petitioner is likely to prevail on the merits of his claim that Respondents are violating his substantive and procedural process rights and immigration statues. Petitioner's claim of the impermissible, retroactive application of the law in the instant case finds established support in *BMW vs. Gore*, 517 U.S. 559, 574, (1996) and in *INS vs. St. Cyr*. 121 S. Ct. 2271(2201). While certainly the sexual subject of the present case is different from drug possession cases, Petitioner's claim regarding the improper construction of the Texas deferred adjudication judgment as a conviction for immigration purposes also find in case law. *Lujan-Armendariz*, 222 F. 3rd 728 (9th Cir. 2000).

13. As a legal permanent resident, Mr. Palomares-Pena is entitled to the full protections of the Due Process Clause. Zadvydas v. Davis, 121 S.Ct.2491,2500 (2001); Reno v. Flores, 113 S.Ct. 1439, 1449 (1993). "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 121 S.Ct at 2498 (citing Foucha v. Louisiana, 112 S.Ct. 1780 (1992)). Consequently, the detention of a person by the Government outside the context of a criminal proceeding or in narrow, non-punitive

circumstances violates the Due Process Clause. Id. at 2499.

14. The proceeding in this case is civil, not criminal. And while the detention of non-citizens during immigration proceedings may be justified under certain limited circumstances, Demore v. Kim, 123 S.Ct. 1708 (2003) (upholding statutory provision providing for mandatory detention of non-citizens charged as removable based on certain criminal grounds), such detention must be brief and serve a legitimate immigration purpose, and the non-citizen must be afforded an opportunity to challenge the decision that he is properly included in a mandatory detention category. Id. at 1729-1721; Id. at 1722 (Kennedy, J., concurring) ("due process requires individualized procedures to ensure there is at least some merit to the Immigration and Naturalization Service's (INS) charge and, therefore, sufficient justification to detain a lawful permanent resident alien pending a more formal hearing" and to ensure that the detention does not become unreasonable or unjustified). However, this case is not about mandatory detention under INA § 236(c), 8 U.S.C. § 1226(c).

15. Respondents are detaining Petitioner under Sec. 235 (b)(2), 8 U.S.C. § 1225(b)(2). Respondents assert that Section 1225(b)(2) and its implementing regulation, 8 C.F.R. § 1235.6(c), require the detention of all arriving aliens, regardless of their lawful immigration status, any errors the immigration officer makes in classifying an individual as an applicant for admission, or the length of detention, which is this case exceeds eight (8) months. As a result, Petitioner has had no hearing on the merits of his detention in all the months which have passed. The Due Process Clause requires notice and some form of hearing before an individual is deprived or constitutionally-protected liberty or property rights. Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424,319, 333, 96 S.Ct. 893 (1976)(quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965)).

16. Petitioner's attorney, Paula S. Waddle, and her Accredited Representative, Margarita Moreno, employees of South Texas Immigration Council, a non-profit agency recognized as an Accredited Organization by the Board of Immigration of Appeals, have made several attempts to resolve this matter without the Court's intervention. On October 29, 2003, on December 17, 2003, and on April 2, 2004, such requests were made. All have been denied.

17. Mr. Palomares-Pena will remain detained for an indefinite period since there is no fixed time period for the federal courts to render decisions on the various claims which comprise the underlying merits of his case, and given the fact that a central issue in the instant case is similar to that in *Laura Estela Salazar-Regino, et al v. E.M. Trominski, INS District Director*, pending before the 5th Circuit Court of Appeals as Case No. 03-41492, it is possible that this Honorable Court may order abatement of this case on its merits while the *Salazar-Regino* case advances through the appellate courts.

18. Mr. Palomares-Pena's prolonged and indefinite detention violates his substantive liberty rights to be free from government custody. Zadvydas v. Davis, 121 S.Ct. at 2498. Unlike the non-citizen in Demore v. Kim, Mr. Palomares-Pena's eight (8) month detention far exceeds the 47 days cited by the Supreme Court in Demore v. Kim, op.cit., as the average time it takes for removal proceedings to be concluded. Such prolonged detention is constitutionally impermissible. Likewise, the mere fact that Mr. Palomares-Pena has exercised his right to appeal the administrative decision of the BIA does not constitute his consent to indefinite and unnecessary detention of him.

19. Mr. Palomares-Pena is also likely to prevail on his procedural due process claim and other constitutional and statutory claims on which the Petition for the Writ is based.

20. Administrative procedures for non-citizens are devoid of a process to determine whether the particular circumstances of a lawful permanent resident "arriving alien" warrant continued incarceration. Regardless of any individualized considerations, a lawful permanent resident designated an arriving alien must remain behind bars, for an indefinite period, pending a decision on the appeal. Due process requires more.

21. Here, the detention continues even though he has committed no crime or has even been arrested since 1995. Moreover, since he is not a danger to the public or a flight risk, Mr. Palomares-Pena's detention serves no immigration purpose.

22. Finally, Mr. Palomares-Pena has now been detained for a prolonged period of time, almost 9 months, and there is no time limitation on the Government's authority to detain him.

23. Under these circumstances, Mr. Palomares-Pena has presented substantial arguments that his continued detention is unconstitutional.

## II. Mr. Palomares-Pena Will Suffer Irreparable Injury if Injunctive Relief is Not Ordered

24. Absent preliminary injunctive relief, Mr. Palomares-Pena will suffer irreparable harm which is imminent and irreparable. In his First Amended Petition for Writ of Habeas Corpus, Mr. Palomares-Pena as well as Mrs. Palomares-Pena provided examples of the specific financial, familial, emotional harms they suffer and will imminently suffer. These include health problems of Mrs. Palomares-Pena caused by the separation, worry and financial difficulties, and emotional and learning difficulties facing their niece who they have raised.

25. At issue in this litigation is Petitioner's right to be free from government custody. Zadvydas v. Davis, 121 S.Ct. at 2498. Violations of constitutional rights have long been considered a basis for finding irreparable harm. Valley v. Rapides Parish Sch. Bd., 118 F.3d at 1056 (finding irreparable injury when plaintiff was subjected to unconstitutional acts); Deerfield & Med. Ctr. V. City of Deerfield, 661 F.2d 328, 338 (5th Cir. 1981); cf. Elrod v. Burns. 427 U.S. 347 (1976) (irreparable injury shown where First Amendment interests were threatened).

26. In any case, Mr. Palomares-Pena has no other remedy at law and his injuries cannot be adequately compensated. See City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983) (central inquiry in irreparable harm analysis is whether the injury could be adequately compensated).

27. Mr. Palomares-Pena's injury represents more than the loss of money. Rather, for as long as Respondents, unreasonably detain him, Mr. Palomares-Pena is deprived of his right to move about freely, work, rejoin his family, and return to a life of normalcy. This leads to the loss of Petitioner's livelihood without a legal remedy or effective means of mitigation. These rights and privileges constitute property and liberty interests protected by the Fifth Amendment.

### III. The Balance of Harms Tilts in Favor of Petitioner

28. In this case, Mr. Palomares-Pena's irreparable injuries outweigh the threatened harm that an injunction may cause Respondents. While the Petitioner's harm is significant, the government would appear to experience the financial benefit of savings for detention of Mr. Palomares-Pena, while saving food stamp and welfare expenses of his family members. When the balance of harms favors the Petitioner, preliminary relief may be granted. Wright, Miller &

Kane, Federal Practice and Procedure: Civil 2d § 2948.2, n.5 and accompanying text (1995). The irreparable injury mentioned above demonstrates that the severe injury to Mr. Palomares-Pena far outweighs any alleged policy or administrative harm that an injunction will cause Respondents.

29. Moreover, Respondents cannot show any harm or injury because Mr. Palomares-Pena is not a danger to the public or a flight risk. Respondents cannot show that Mr. Palomares-Pena case represents any unique or unusual factors that warrant his continued detention.

### IV. Granting Preliminary Relief Advances the Public Interest

30. Finally, the granting of this injunction will not disserve the public interest. The vindication of fundamental constitutional rights, like the right to due process and to be free from government custody, is in the public interest. Valley v. Rapides Parish Sch. Bd., 118 F.3d at 1056. Indeed, the public has an interest in governmental agencies efficiently performing their responsibilities. Id. (concluding that public interest is served where governmental agency is compelled to abide by constitutional requirements). In the instant case, the legitimate law enforcement procedures shall continue, if Petitioner is released, without the unnecessary expense to the government of detaining the Petitioner.

### V. Petitioner Should be Required to Post No or Only a Nominal Bond

31. The amount of security bond, if any, required as a condition for injunctive relief is clearly a matter of resting within the sound discretion of this Court. The Court may dispense with the requirement of a bond altogether where the relief is in the public interest. Yakus v. United States, 64 S.Ct. 660, 675 (1944); City of Atlanta v. Metropolitan Atlanta Rapid Transit Auth., 636 F.2d 1084 (5th Cir. 1981). In this case, the Court should waive the requirement of bond or require only a nominal bond. Mr. Palomares-Pena, behind bars for several months, has lost significant financial assets already and is devoid of resources at this time.

WHEREFORE, Petitioner prays that the Court grant his Motion for a Preliminary Injunction immediately to enjoin Respondents, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them from continuing to detain Petitioner.

Respectfully submitted,

*Paula S. Waddle*
Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434 (Fax)
State Bar No: 26030400
Fed. I.D. No. 5674
ATTORNEY FOR PETITIONER

## CERTIFICATE OF CONFERENCE

Counsel represents that she did speak by telephone with Mr. Steve Shemmel in early May of 2004 and Mr. Schemmel indicated that he would look into the matter, but Counsel last left a message on May 25, 2004 inquiring into the government's position on this Motion, and she has had no response, so the position of the government in unknown.

*Paula S. Waddle*
Paula S. Waddle

## CERTIFICATE OF SERVICE

I certify that, on June 9th, 2004, I served a true copy of the *Petitioner's Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief* by first class mail, postage prepaid to Defendants' Counsel;

Mr. Steve Schemmel
Assistant United States Attorney for the Southern District of Texas
United States Attorney's Office
1701 W. Highway 83, Suite 600, TCB-Bentsen Tower
McAllen, Texas 78501

*Paula Waddle*
Paula S. Waddle