IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action B-04-059 |
| | § | |
| GRACE A WINFREY, Interim Field<br>    Office Director for Detention and,<br>    Removal Bureau of Immigration<br>    and Customs Enforcement,<br>    Department of Homeland Security,<br>ARRON L. CABRERA,<br>    Officer-in-Charge, Port Isabel<br>    Service and Processing Center,<br>TOM RIDGE, Secretary Department of<br>    Homeland Security, and the<br>UNITED STATES OF AMERICA<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

THE UNITED STATES OF AMERICAS MOTION TO DISMISS
AND/OR
MOTION FOR SUMMARY JUDGMENT

COME NOW, GRACE A WINFREY, Interim Field Office Director for Detention and, Removal Bureau of Immigration and Customs Enforcement, Department of Homeland Security, ARRON L. CABRERA, Officer-in-Charge, Port Isabel Service and Processing Center, TOM RIDGE, Secretary Department of Homeland Security, and the UNITED STATES OF AMERICA, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and submit this pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, Response to Plaintiff Anselmo Palomares-Pena ("Palomares-Pena") petition for writ of habeas corpus.

I.  STATEMENT OF RELEVANT FACTS

Palomares-Pena adjusted his status to that of a temporary resident of the United States on January 19, 1988, and adjusted his status to that of a lawful permanent resident of the United States on May 14, 1990. On June 18, 1996, petitioner was convicted in the 268th Judicial District Court of Fort Bend County Texas of sexual assault (a minor was the victim), a second degree felony, adjudication of guilt was deferred and was sentenced to four years community supervision, following a plea of nolo contendere. The offense was committed on April 1, 1995.

On September 28, 2003, Palomares-Pena attempted to enter the United States as a returning resident alien. Having determined Palomares-Pena to be an arriving alien inadmissible to the United States, the Government issued a Notice to Appear to him on October 9, 2003 (superseding) charging him as removable under §212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1182(a)(2)(A)(i)(I) (convicted of a crime involving moral turpitude). An immigration judge ordered his removal on December 4, 2003, finding Palomares-Pena removable for having been convicted of a crime involving moral turpitude. Further, the immigration judge found Palomares-Pena ineligible for relief. Palomares-Pena timely filed an appeal with the Board of Immigration Appeals ("Board").

On March 22, 2004, the Board summarily affirmed the immigration judge's decision. Palomares-Pena's removal order became administratively final on March 22, 2004. He then filed the instant action.

II. STANDARDS OF REVIEW

A.  **Standard of Review 12(b)(1)**

Rule12(b)(1), Fed.R.Civ.P., permits dismissal of an action when the court lacks subject

matter jurisdiction. A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Fleischer v. U. S. Dept. of Veterans Affairs*, 955 F. Supp. 731, 733-34 (S.D.Tex. 1997). A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., et al. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 20 (5th Cir. 1992). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate it. *Home Builders, etc.*, 143 F.3d at 1009.

**B.      Standard of Review Rile 12(b)(6)**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In assessing a Rule 12(b)(6) motion, the complaint is construed liberally in plaintiff's favor and facts pleaded in the complaint are taken as true. *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000)(citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). A plaintiff must plead specific facts, not mere conclusory allegations, in order to withstand a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "The district court may not dismiss a complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Shipp*, 234 F.3d at 911 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)). When a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

C.    **Standard of Review Rule 56**

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate when the moving party is able to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323; *Anderson*, 477 U.S. at 248. Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257. Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322.

III.   **ARGUMENT**

Palomares-Pena was a lawful permanent resident of the United States. An alien lawfully admitted for permanent residence is not regarded as seeking admission to the United States after a brief departure. §101(a)(13)(C) of the Act, 8 U.S.C. §1101(a)(13)(A). However, an alien lawfully admitted for permanent residence is considered seeking admission if he "has committed an offense identified in section 212(a)(2) [1182], unless since such offense the alien has been granted relief under section 212(h) or 240A(a) [1182 or 1229b], ... ." §101(a)(13)(C)(v) of the Act, 8 U.S.C.

§1101(a)(13)(C)(v). Palomares-Pena has been convicted of sexual assault (of a minor), a crime involving moral turpitude and is removable for that conviction pursuant to §212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. §1182(a)(2)(A)(i)(I), and no relief has been granted. While the issue of statutory rape as a crime involving moral turpitude would seem to be a case of first impression for the 5th Circuit it has bee held to be a crime involving moral turpitude in other circuits. *Castle v. Immigration and Naturalization Service*, 541 F.2d 1064, 1066 (4th Cir. 1976); *Marciano v. INS*, 450 F.2d 1022, 1025 (8th Cir. 1971), cert. denied, 405 U.S. 997, 92 S.Ct. 1260, 31 L.Ed.2d 466 (1972) (statutory rape); Marinelli v. Ryan, 285 F.2d 474, 476 (2nd Cir. 1961) (touching a boy under 16 with sexual intent); *Pino v. Nicolls*, 215 F.2d 237 (1st Cir. 1954), rev'd on other grounds, see *Pino v. Landon*, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (carnal abuse of a female child); *Ng Sui Wing*, 46 F.2d 755 (7th Cir. 1931) (common law rape); "carnal knowledge of a female between the ages of fourteen and sixteen years 'manifestly involves moral turpitude,'" Bendel v. Nagle, 17 F.2d 719, 720 (9th Cir. 1927).

Palomares-Pena was subject to detention as an arriving alien who has been convicted of a crime involving moral turpitude. He is now subject to detention as an alien who has a final removal order. §241(a)(2) of the Act, 8 U.S.C. §1231(a)(2). Palomares-Pena has made several requests for release on parole, but all have been denied after careful review of the case. Further "[u]nder no circumstances during the removal period [90 days from the date the order of removal becomes administratively final] shall the Attorney General release an alien who has been found inadmissible under section 212(a)(2) ... ." Id. "An alien ordered removed who is inadmissible under section 212, ... may be detained beyond the removal period ... ." §241(a)(6) of the Act, 8 U.S.C. §1231(a)(6).

Palomares-Pena has filed the instant Petition for Writ of Habeas Corpus to prevent the Government from removing him from the United States. Palomares-Pena claims that he is entitled

to remain in the United States until he has had time to request further review of his case. The filing of a motion to reopen or a motion to reconsider a Board decision does not stay the execution of a final order of removal. 8 C.F.R. §1003.2(f); *see also* 8 C.F.R. §241.4(b). "Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the Immigration Judge, or an authorized officer of the Service." 8 C.F.R. §1003.2(f). A petition for review of an administratively final order of removal "must be filed not later than 30 days after the date of the final order of removal." §242(b)(1) of the Act, 8 U.S.C. §1252(b)(1). "Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." §242(b)(3)(B) of the Act, 8 U.S.C. §1252(b)(3)(B).

Thirty days has lapsed for Palomares-Pena to file a petition for review of the final order of removal. It should have been filed on or before April 21, 2004, 30 days after the Board entered its decision on March 22, 2004. Palomares-Pena has not even requested a stay from the Board or the Government. Absent approval of such a request, the Government is not prohibited from executing the administratively final order of removal. Further, Palomares-Pena has failed to exhaust his administrative remedies and should not be allowed to circumvent those procedures by way of a petition for writ of habeas corpus. Consequently, his petition should be dismissed.

## IV.    CONCLUSION

WHEREFORE, GRACE A WINFREY, Interim Field Office Director for Detention and, Removal Bureau of Immigration and Customs Enforcement, Department of Homeland Security, ARRON L. CABRERA, Officer-in-Charge, Port Isabel Service and Processing Center, TOM RIDGE, Secretary Department of Homeland Security, and the UNITED STATES OF AMERICA,

prays that the Court grant his Motion to Dismiss and/or Alternatively Motion for Summary Judgment; that if said Motion is not granted, then after due proceedings there be judgment in the United States of America's favor and against Plaintiffs, dismissing the Complaint at Plaintiff's cost, and for all general and equitable relief as may be appropriate.

Respectfully submitted,
MICHAEL T. SHELBY
UNITED STATES ATTORNEY

For: STEVEN SCHAMMEL (by: Nancy Masso, AUSA, w/ permission)
Assistant United States Attorneys
1701 W. Hwy. 83, Ste. 600
McAllen, TX 78501
Telephone: (956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *United States of America's Motion to Dismiss And/or Motion for Summary Judgment* was sent by First-Class Mail to the following:

Ms. Paula S. Waddle
South Texas Immigration Council
107 N. 3rd
Harlingen, Texas 78550

on this the 2nd day of August, 2004.

For: STEVEN T. SCHAMMEL
Assistant United States Attorney

cc: Ms. Lisa Putnam
BICE - Law Department
PO Box 1711
Harlingen, TX 78551