11

United States District Court
Southern District of Texas
FILED

AUG 2 3 2004

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| GRACE A. WINFREY, Interim Field | § | Case No. B-04-059 |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, AARON | § | |
| CABRERA, Interim Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, TOM RIDGE, Secretary | § | |
| Department of Homeland Security, and | § | |
| JOHN ASHCROFT, Attorney General | § | |
| of the United States, | § | |
| Respondents | | |

### PETITIONER'S UNOPPOSED MOTION FOR MORE DEFINITE

### STATEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner **Anselmo Palomares-Pena,** prior to filing a responsive pleading to Respondents' "United States of America's Motion to Dismiss and/or Motion for Summary Judgment" (herein "Motion to Dismiss"), shows the court as follows:

1.    This Motion is filed pursuant to F.R.C.P. 12 (e).

2.    The Respondents filed their "United States of America's Motion to Dismiss and/or Motion for Summary Judgment" on or about August 2, 2004. This Motion is made prior to the filing of any response to the Motion to Dismiss.

4.    The Petitioner alleges that the Court should require that the Respondents provide a more definite statement in connection with the pleading entitled "United States of America's Motion to Dismiss and/or Motion for Summary Judgment" for

the following reasons:

    a.  **Dismissal under FRCP 12(b)(1)**. The Motion to Dismiss  states in its introductory paragraph that it is filed under Federal Rule of Civil Procedure 12(b)(1). This defense in general relates to lack of subject matter jurisdiction which may include federal question jurisdiction, diversity jurisdiction and/or supplemental jurisdiction, or standing. The Motion also details the Respondents' view of the Standard of Review for this type of motion.  The remainder of the motion is vague. From the content of the Motion to Dismiss, Petitioner is unable to determine exactly which provisions of the pleadings and documents on file, and/or which facts of this case or body of law are related to this ground of dismissal.   After Respondents describe the standard of review, there is no further mention of how any argument relates to  FRCP 12(b)(1).  Petitioner's counsel is unable to prepare a response to fairly meet this  ground of dismissal.  Petitioner requests that the Respondents provide the allegations and/or grounds  of this case which cause this Court to lack subject matter jurisdiction "with particularity." FRCP 7(b)(1).

    b. **Dismissal Under FRCP 12(b)(6)**. As an additional or alternative ground for the Motion for a More Definite Statement, Petitioner would show the court that  the Motion to Dismiss  states that an additional ground for the Motion lies under F.R.C.P. 12(b)(6).  This ground of dismissal in general relates to a failure to state a claim upon which relief can be granted.    Although there is an "Argument" at Paragraph III of Respondents' Motion, no part of this Motion provides "with particularity"  the basis for the 12(b)(6) motion. FRCP 7 (b)(1).  Petitioner requests details or aspects of this case which cause the Petition for Writ of Habeas Corpus to fail as a claim upon which relief can be granted in the opinion of Respondents.

Civil Action No. B-02-059/*Palomares-Pena*
**P's Unopposed Motion For More Definite Statement**
Page 2

Without those statements in the Motion to Dismiss, Petitioner alleges that he is unable to meet the Motion fairly and is without notice as to its specific claims.

c. **Motion for Summary Judgment**. As an additional or alternative ground for the Motion for a More Definite Statement, the Petitioner would show that although Respondents state in their title and in their introductory paragraph that they seek summary judgment, and they provide a statement of their view of the Standard of Review in this case,  in no  part of the Motion do they detail which part of Petitioner's case or pleadings they believe provides a basis for summary judgment, such as whether it is even a factual element or a legal claim which serves as the basis for the Motion, and, whichever it is,  statements  of the ground(s).

Petitioner further alleges that the failure of  Respondents to state their grounds with particularity as required at F.R.C.P. 7(b)(1) greatly prejudices Petitioner. Due to the lack of specificity, Petitioner is without notice and opportunity to respond, yet the Respondents seek the grave remedy of dismissal of his  action.

For these reasons, Petitioner requests that Respondents be required to provide a more definite statement.

Wherefore, premises considered, the Petitioner urges that the Respondents be required to amend their "United States of America's Motion to Dismiss and/or Motion for Summary Judgment" to provide additional specificity, and for such other and further relief as is just.

Respectfully  submitted,

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, Texas  78550
(956)425.6987/(956) 425.7434(fax)
State Bar ID #20630400
Federal ID No. 5674

## CERTIFICATE OF CONFERENCE

By telephone conference on August 20, 2004, Petitioner's counsel  spoke with the attorney for Respondents, Mr. Steve Schemmel, AUSA who indicated he did not oppose the Motion under the terms provided in the Agreed Order.

Paula S. Waddle

## CERTIFICATE OF SERVICE

I certify that, on August 20, 2004, I served a true copy of the *Petitioner's Motion for a More Definite Statement* by first class mail, postage prepaid to Respondents'  Counsel;

Mr. Steve Schemmel
Assistant United States Attorney for the Southern District of Texas
United States Attorney's Office
1701 W. Highway 83, Suite 600, TCB-Bentsen Tower
McAllen, Texas 78501

Paula S. Waddle