United States District Court
Southern District of Texas
FILED

SEP 15 2004

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANSELMO  PALOMARES-PENA | § | |
| Petitioner, | § | |
| v. | § | |
| | § | |
| GRACE A. WINFREY, Interim Field | § | Case No. B-04-59 |
| | § | DHS A No. 91 241 238 |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, AARON | § | |
| CABRERA, Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, and TOM RIDGE, Secretary | § | |
| Department of Homeland Security, and | § | |
| JOHN ASHCROFT, U.S. | § | |
| Attorney  General, | § | |
| Respondents | § | |

## PETITIONER'S RESPONSE TO U.S.A'S AMENDED MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

Petitioner Anselmo Palomares-Pena, through his attorney, files this Response to the United States of America's Amended Motion to Dismiss and/or Motion for Summary Judgment (herein "USA's Amended Motion"), without waiving any claim in his Amended Motion to Strike filed on September 15, 2004, and reurging the same herein.  In support of this Response, Mr. Palomares-Pena would show as follows:

### I.   Statement of the Nature and Stage of the Proceeding

After exhaustion of his administrative remedies, Petitioner, a longtime legal permanent resident, brought this habeas corpus proceeding under 28 U.S.C. Sec. 2241.  Mr. Palomares-Pena has  admitted committing a sexual assault on April 1, 1995, and he has a  deferred adjudication order dating from June, 1996, a date prior to any Congressional action making his offense an aggravated felony.  Petitioner in his Amended Petition for Writ complains of the

retroactive application of the law to him in an impermissible manner and of retroactive applications of statutory construction to him so that, for immigration purposes, he is now considered an aggravated felon, ineligible to apply for a waiver and under an order of removal. Petitioner asserts violations of his constitutional rights to due process and equal protection. In addition, he urges that the Order of Deferred Adjudication in his case does not constitute a "conviction" under 8 U.S.C.1101(a)(48), Sec. 101(a)(48) of the Immigration and Nationality Act, so that there was no basis to deny Petitioner the opportunity to file for a waiver from deportation. He also alleges that the Board of Immigration Appeals (herein "BIA") erred in affirming the decision of the Immigration Judge without opinion. Petitioner further urges that he merits consideration for release from detention pending a final order in this case, which may be several years away because other similar cases are on appeal before the U.S. District Courts and the Circuit Courts of Appeal.

Respondents have replied to the filing of the Petition for a Writ by filing an Amended Motion to Dismiss and/or Motion for Summary Judgment.

Petitioner filed his Amended Motion to Strike USA's Amended Motion to Dismiss on or about September 15, 2004, which said Amended Motion to Strike is reurged herein. Petitioner alleges that Respondents have not stated clearly the basis for their Motion(s) under FRCP 12(b) and 56, so that the Petitioner is forced in the following analysis to surmise possible grounds, in order to provide a timely Response to the USA's Amended Motion. Respondents have also failed to answer the Petition for Writ under FRCP 8 and/or 9, they have provided no Administrative Record. No discovery has been initiated.

## II. Issues to be Ruled Upon by the Court and Standard of Review

A.    The FRCP 12(b)(1) Motion-*Does the U.S. District Court lack jurisdiction over the subject matter of the Petition?* Respondents may base their claim of lack of jurisdiction on the fact that Petitioner is a criminal alien and/or on their claim that administrative remedies have

not been exhausted.   If the claim is that another court has exclusive jurisdiction, the district court must accept all material allegations of the Petition as true and construe them in the light most favorable to Petitioner. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686(1974). The Rule 12(b)(1) Motion should be granted only if Petitioner cannot prove any facts which would support his claim. *Home Builders Ass'n of Mississippi, et al v. City of Madison, Miss.*, 143 F. 3d 1006, 1009 (5th Cir.1998). To the extent the Respondents claim that Petitioner has failed to exhaust his administrative remedies, as a factual attack, Petitioner's burden is to prove by a preponderance of the evidence that  jurisdiction exists. *Irwin v Department of Veteran Affairs*, 498 U.S. 89, 111 S.Ct. 453 (1991).

B.      The FRCP 12(b)(6) Motion-*Did Petitioner in the Amended Petition for Writ Fail to State a Claim Upon Which Relief Can be Granted?* This Motion lies when a Petitioner cannot show by any set of facts that he is entitled to relief. *Crowe v. Henry*, 43 F. 3d 198,203 (5th Cir. 1995).   The standard of review supports dismissal only if the Court can determine with certainty that Petitioner cannot prove any set of facts supporting his claims. *Hishon v King & Spalding*, 467 U.S.. 69. 73, 104 S. Ct. 2229, 2232 (1984).

C.      The FRCP 56 Motion-*Are Respondents Entitled to Summary Judgment Against Petitioner ?*  This Motion is merited if there are no disputed fact issues meriting trial. Respondents have not stated whether the USA's Amended Motion is based on the facts or the law in this case. They have filed no statement of uncontroverted facts, no Administrative Record, no summary judgment evidence, and  no answer.  It appears that they must show that there is no evidence to support an essential element of the Plaintiff's claim. *Celotex Corp. Catrett*, 477 U.S. 317, 325; 106 S. Ct. 2548 (1986).  The standard of review requires that the Respondents prove that there is no genuine issue about any material fact and that it is entitled to judgment as a matter of law. FRCP. 56(c)

D.      *What is the standard of review of administrative decisions?*        Habeas        corpus

proceedings have their own federal statutory basis and provisions which apply to this case. 28 U.S.C. Sec. 2241, *et seq*. In the context of reviewing the administrative decisions, the standard of review of the BIA decision is *de novo*. *Lopez De Jesus v.INS*, 312 F. 3d 155, 158 (5th Cir. 2002). The review of the constitutional law issues is also *de novo*. *Soadjede v. Ashcroft*, 324 F. 3d 830, 831 (5th Cir. 2003).

### III. Legal Arguments in Opposition to USA's Amended Motion

A.      SUMMARY OF LEGAL ARGUMENT.      To the extent that this Court's authority to review an order of removal involving a criminal alien and/or that Respondents claim that Mr. Palomares-Pena did not exhaust his administrative remedies and pursue his claim before the Fifth Circuit is at the heart of the Respondents' Amended Motion,.. Petitioner argues that jurisdiction exists with the district court to consider the constitutional issues and issues of statutory interpretation, his administrative remedies having been exhausted. Petitioner further asserts that the facts and the law support the Petition as well as supporting granting release from detention.

B.      THE U.S. DISTRICT COURT RETAINS JURISDICTION OVER AN ORDER OF REMOVAL INVOLVING A CRIMINAL ALIEN THROUGH ITS HABEAS CORPUS JURISDICTION, 28 U.S.C. § 2241.

1.   8 U.S. C. Sec. 1252 Limits the Broad Grant of Jurisdiction Given to the Federal Courts.

Jurisdiction to review federal agency action begins with Article III, Sec. 2 of the U.S. Constitution which grants judicial power to the federal courts over all "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made...(and)..to Controversies to which the United States shall be a Party.." Congress has confirmed broad U.S. district court jurisdiction in 28 USC Sec. 1331 which grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This general grant of jurisdiction to the U.S. district courts is

limited in immigration cases  by  Sec. 242 of the Immigration and Nationality Act (herein "INA") codified as 8 USC  Sec. 1252.  The validity of the limits set by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA" herein) remains  unclear.

## 2. Congress Has Denied to the Courts of Appeal the Jurisdiction to Consider Removal Orders Involving Criminal Aliens.

Congress provided that review would be available only through Title 28, Chapter 158 of the United States Code. 8 U.S.C. 1252(a)(1), Sec. 242(a)(1), .  This section places review exclusively with Court of Appeals. 28 U.S.C. § 2342. The same title sets out the mechanism for review by Petition for Review. 28 U.S.C. § 2347. Through 8 U.S.C. 1252(a)(1), Congress greatly restricted the access of the immigrant to federal court,  especially that of a criminal alien. Specifically it provided that judicial review of orders against criminal aliens who committed selected criminal offenses was not available.   Sec. 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), Sec. 242(a)(2)(C). *Calcano-Martinez v. I.N.S.*, 533 U.S. 348, 121 S. Ct. 2268 (2001).    Mr. Palomares-Pena committed a crime involving moral turpitude, so this prohibition of the review of orders by the circuit courts prevents Fifth Circuit review. *Flores-Garza v Ashcroft*, 203 F. 3d 797 (5th Cir. 2003).

## 3. Habeas Corpus Relief In This Court Remains Available For Review of Criminal Alien Orders of Removal.

Because direct review is eliminated by the statute,  because some forum must be available for review of the criminal alien's concerns, and because Congress did not explicitly eliminate habeas corpus relief, that relief remains available to the criminal alien. *Calcano-Martinez, op. cit.* at 270. U.S. District Courts retain jurisdiction to address retroactive application of the IIRAIRA  in an impermissible manner and  the retroactive applications of statutory construction.   *INS v. St. Cyr*, 533 U.S. 289, 1121 S. Ct. 2271,  150 L. Ed. 2d 347 (2001).   It may appropriately be used to review the Executive's legal determinations. *St.*

*Cyr, Id* at 2283. When this Court reviewed a similar case involving a claimed aggravated felon with a similar deferred adjudication order, it found jurisdiction to review. *Pequeno-Martinez v Trominiski*, 281 F. Supp. 2d 902 (S.D. Tex. 2003).

## C. THE EXHAUSTION OF ADMINISTRATIVE REMEDIES COMPLETES THE NECESSARY ELEMENTS FOR JURISDICTION TO EXIST WITH THE COURT.

IRRAIRA requires exhaustion of administrative remedies in immigration cases. INA, 8 USC 1252(d)(1); Sec. 242 (d) (1). The Immigration Judge is without jurisdiction to hear matters involving Petitioner's bond and detention. 8 C.F.R. §§1003.19(h)(2)(i)(B), due to the classification of Petitioner as an arriving alien (Exhibit A hereto). Because Petitioner appealed the Immigration Judge's decision (Exh. B hereto) to the BIA, and received the BIA decision prior to filing this petition (Exh. C hereto), the basis for Respondents' claim of failure to exhaust administrative remedies (USA's Amended Motion, Page 7 of 9) is an absolute mystery. Any condition precedent to review by this federal court of the order of removal is complete.

## D. STAY OF EXECUTION OF PETITIONER GRANTED BY AUTHORIZED OFFICER.

Petitioner disputes the USA's unsworn allegations with regard to Respondent's purpose in filing the Petition for Writ, and with regard to the stay of removal (USA's Amended Motion, Page 6 of 9). The Amended Petition for Writ details the multitudinous errors made by the Immigration Judge and BIA with regard to matters of constitutional and statutory interpretation which render the removal order appropriate for vacature upon the Court's *de novo* review of this case. Removal of Petitioner based on such a suspect Order would cause irreparable harm. Petitioner asserts that he received a stay of removal from an authorized officer, and he urges that it is contrary to applicable law to continue to detain him while the underlying issues remain under review by the federal courts.

1. Petitioner Timely Requested a Stay of Removal from the USA and An Authorized Officer
Granted It.

Upon the filing of the Petition for the Writ of Habeas Corpus, Petitioner timely
requested and obtained a stay of removal from Supervisory Officer Hector Adame, as shown
by the Declarations of Attorney Lisa Brodyaga and Paula S. Waddle (Exhibits D & E hereto).
Further evidence of the grant of the stay is the fact that Petitioner was not deported prior to
the June 9, 2004 filing of the Motion for Preliminary Injunctive Relief in this case.  The
government's claims of failure to request a stay are unsupported by the facts and evidence.

2. Continued Detention Contrary to Applicable Law.

The detention of aliens under removal orders is based in statute. 8 U.S.C.§ 1231(a)(2).
USA's right to detain is not, however, unfettered. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.
Ct. 2491 (2001).  It does not permit indefinite detention." *Id*. at 689. The Court held that
"once removal is no longer reasonably foreseeable, continued detention is no longer authorized
by statute." *Id*. at 699. The court recognized six (6) months as a "presumptively reasonable
period of detention." *Id*. at 701. Respondent's period of detention will be one year in a few
weeks.  The Supreme Court detailed the criteria for release:

> The habeas court must ask whether  the detention in question
> exceeds a period reasonably necessary to secure removal. It should
> measure reasonableness primarily in terms of the statute's basic
> purpose. namely assuring the alien's presence at the moment of
> removal. Thus, if removal is not reasonably foreseeable, the court
> should hold continued detention unreasonable and no longer authorized
> by statute. In that case, of course, the alien's release may and should be
> conditioned on any of the various forms of supervised
> release that are appropriate in the circumstances, and the alien may
> no doubt be returned to custody upon a violation of those conditions.
> And if removal is reasonably foreseeable, the habeas court should
>  consider the risk of the alien's committing further crimes as a factor
> potentially justifying confinement within that reasonable removal
> period. *Id*. at 699-700

When these factors are considered in Petitioner's case, the fact of no subsequent arrest or conviction demonstrates the lack of threat to the community. The substantial familial, work related and community ties demonstrate the likelihood that Petitioner will not flee the jurisdiction of the court.    The Petitioner merits consideration for bond and release pending a final order of the courts.

### V. Conclusion

With the elimination of review by the courts of appeal for criminal alien orders of removal, jurisdiction remains in the district court. The issues of the retroactive application of the law to Petitioner in an impermissible manner and of retroactive applications of statutory construction may properly be examined by this court.    The Petitioner complied with exhaustion of remedies procedures, and he applied for an obtained a stay of removal. Given the clear factual issues and pendency of the retroactivity and "conviction" issues before this and higher federal courts, the USA fails its burden of proof on each of the three (3) motions before this court.

WHEREFORE, Petitioner prays that the Court deny the USA's Amended  Motion to Dismiss in all things, that the Respondents be ordered to release Petitioner, and for such and further relief as is just.

Respectfully submitted,

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434 (Fax)
State Bar No: 26030400
Fed. I.D. No. 5674
ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that, on September 15, 2004, I served a true copy of the *Petitioner's Response to the Motion to Dismiss* by first class mail, postage prepaid to Defendants' Counsel;

Mr. Steve Schemmel
Assistant United States Attorney for the Southern District of Texas
United States Attorney's Office
1701 W. Highway 83, Suite 600, TCB-Bentsen Tower
McAllen, Texas 78501

Paula S. Waddle

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ANSELMO PALOMARES-PENA** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GRACE A. WINFREY, Interim Field** | § | **Case No. B-04-59** |
| **Office Director for Detention and** | § | |
| **Removal, Bureau of Immigration and** | § | **DHS: A No. 91 241 238** |
| **Customs Enforcement, Department of** | § | |
| **Homeland Security, AARON CABRERA,** | § | |
| **Interim Deputy Field Office Director,** | § | |
| **Port Isabel Service Processing Center,** | § | |
| **TOM RIDGE, Secretary Department of** | § | |
| **Homeland Security, and** | § | |
| **JOHN ASHCROFT, Attorney General** | § | |
| **of the United States** | § | |
| **Respondents** | | |

## APPENDIX

| DOCUMENT LETTER | DOCUMENT | PAGE NO. |
|---|---|---|
| A | Notice to Appear...................................................1 | |
| B | Oral Decision of the Immigration Judge............... 2 to 6 | |
| C | BIA Decision........................................................7 | |
| D | Declaration of Lisa S. Brodyaga...................... 8 to 9 | |
| E | Declaration of Paula S. Waddle...................... 10 to 13 | |

U.S. Department of Justice
Immigration and Naturalization Service

Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No:  A91 241 238

In the Matter of:

Respondent:  Anselmo PALOMARES Pena                          currently residing at:

Port Isabel Service Processing Center, Route 3, Box 341, Los Fresnos, TX  78566      (956) 547-1700
(Number, street, city, state and ZIP code)                                          (Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United Sates, but are deportable for the reasons stated below.

The Service alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of Mexico and a citizen of Mexico;
3. You were, on 06/18/96 convicted in the District Court (at) Fort Bend County, Texas for the offense of Sexual Assault, in violation of Texas Law.
4. On September 28, 2003 you applied for admission at the Port of Entry at Pharr, Texas as a returning Resident.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the    llowing provision (s) of law:

Section 212(a)(2)(A)(i)(I)  of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)
YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

EOIR, 201 E. Jackson Street, Harlingen, Texas  78550
(Complete Address of Immigration Court, including Room Number, if any)

on   T.B.S.   at  T.B.S.   to show why you should not be removed from the United States based on the
(Date)        (Time)
charge(s) set forth above.



Robert C. Adame
Supervisory Deportation Officer
(Signature and Title of Issuing Officer)

Date:  October 9, 2003                        Los Fresnos, Texas
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

"SUPERSEDES NTA DATED SEPTEMBER 28, 2003"

**EXHIBIT**
**A**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Los Fresnos, Texas

File No.:   A 91 241 238                          December 4, 2003

In the Matter of

ANSELMO PALOMARES-PENA,          )          IN REMOVAL PROCEEDINGS
                                 )
            Respondent           )

CHARGES:        Section 212(a)(2)(A)(i)(I) of the Immigration and
                Nationality Act -- alien convicted of a crime
                involving moral turpitude.

APPLICATION:    Section 212(c) of the Immigration and Nationality
                Act -- waiver of inadmissibility;

                Section 240A(a)(1) of the Immigration and
                Nationality Act -- cancellation of removal.

ON BEHALF OF RESPONDENT:             ON BEHALF OF DHS:

Paula Woddle, Esquire                Flavio Escobar, Esquire
South Texas Immigration Counsel      Assistant Chief Counsel
107 North 3rd Street                 Post Office Box 1711
Harlingen, Texas 78550               Harlingen, Texas 78550

ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent was placed in removal proceedings with

the issuance of a Notice to Appear dated October 9th, 2003.  See

Exhibit No. 1.  Assisted by counsel, the respondent admits that

he is not a citizen or national of the United States but a native

and citizen of Mexico who immigrated to the United States.  He

admits that he applied for admission as a returning resident on

October the 28th, 2003 at the port of entry at Ford, Texas, as a

returning resident alien.



dmh

He denies that he has been convicted as alleged in allegation number three and that he subject to being removed from the United States as charged hereinabove. The Court finds otherwise.

Exhibit 4 is the criminal disposition document indicating that June the 18th, 1996 the respondent on a plea of nolo contendere was given deferred adjudication for the crime of sexual assault, a felony, carrying a minimum penalty of two years and a maximum penalty of twenty years. The respondent had sexually assaulted an individual of 14 years or younger at the time.

Based in part on the respondent's admissions and Exhibit No. 4, the Court finds his removability has been established with evidence that is clear and convincing.

The respondent argues that he should be eligible for 212(c) because the aggravated felony definition had been completely changed and the change did not come about until September of 1996. The case law is quite complete on the fact that the respondent's crime is an aggravated felony and that it is a crime of violence and it is a crime involving moral turpitude and it is a sexual crime also under the definitions of aggravated felony.

The respondent further argues in the alternative that he is eligible for cancellation of removal. The Court finds otherwise. The Court finds that the crime that he committed is

A 91 241 238                     2                 December 4, 2003

dmh

one that would preclude his eligibility under Section 240A(a)(1).
In order to be eligible for such relief he must show that he has
been a lawful permanent resident for five years, has continuously
resided in the United States for seven years in whatever status
and has not been convicted of an aggravated felony.  An
aggravated felony as defined under Section 101(a)(48) of the Act
encompasses sexual crimes as the respondent committed.  Section
101(a)(43)(A) talks about sexual abuse of a minor.  Reviewing the
criminal disposition document, the assault occurred on a child
that was then younger than 14 years of age and was not the
respondent's spouse at the time.  Thus, the respondent cannot
show statutory eligibility for cancellation of removal as
indicated.

The respondent's conviction would preclude him from
being eligible for voluntary departure.  The Court finds that
there is no other relief available to the respondent.  The
respondent has designated Mexico for removal.

ORDER

IT IS THE ORDER of the Court that the application for
relief pursuant to Section 212(c) and the request for
cancellation of removal pursuant to Section 240A(a) are hereby
denied as a matter of law.

IT IS THE ORDER of the Court that the respondent be
removed from the United States to his native country of Mexico.

A 91 241 238                    3                    December 4, 2003

dmh

DATED this 4th day of December 2003.

DAVID AYALA
Immigration Judge

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

JUDGE DAVID AYALA in the matter of:

ANSELMO PALOMARES-PENA

A 91 241 238

LOS FRESNOS, TEXAS

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_____
Doreen Hodder, Transcriber

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

January 8, 2004
(Completion Date)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A91-241-238 - LOS FRESNOS                    Date:

MAR 2 2 2004

In re:  PALOMARES-PENA, ANSELMO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Waddle, Paula S.

ON BEHALF OF DHS:  Dyann Bernstein, Assistant Chief Counsel

ORDER:

　　PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

EXHIBIT
C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANSELMO PALOMARES-PENA §
§
Petitioner, §
§
v. §
§
GRACE A. WINFREY, Interim Field §          Case No. B-04-59
§          DHS A No. 91 241 238
Office Director for Detention and §
Removal, Bureau of Immigration and §
Customs Enforcement, Department of §
Homeland Security, AARON §
CABRERA, Deputy Field Office §
Director, Port Isabel Service Processing §
Center, and TOM RIDGE, Secretary §
Department of Homeland Security, and §
JOHN ASHCROFT, U.S. §
Attorney General, §
         Respondents §

## DECLARATION OF LISA S. BRODYAGA

Lisa Brodyaga, under penalty of perjury pursuant to 28 U.S.C. § 1746, does

hereby state the following:

1.     My name is Lisa S. Brodyaga.

2.     I am an attorney licensed in the state of Texas and admitted to the bar of
       the U.S. Supreme Court, to the bar of the Southern District of Texas, and
       to the bars of the  Courts  of Appeals for the Fifth and Ninth Circuits.  I
       have been practicing immigration law for approximately twenty-five (25)
       years, and have been  Board Certified by the Texas Board of Legal
       Specialization in Immigration Law since 1981.

3.     On or about April 2, 2004, I was contacted by Attorney Paula S. Waddle
       of South Texas Immigration Council, who told me that she had just been
       notified that  her client, Anselmo Palomares-Peña was being deported that
       afternoon.   She informed me that she was preparing a habeas corpus
       petition to file immediately with the U.S. District Court.



EXHIBIT
D

4.  Because of the immediacy of the threatened deportation, without advance notice, I offered to assist her in seeking an immediate stay of the deportation. I contacted Deportation Officer Hector Adame of the Department of Homeland Security who agreed that upon receipt by facsimile transmission of a copy of the file-stamped Petition for Writ of Habeas Corpus, the deportation of Anselmo Palomares-Peña would be stayed.

5.  I informed Ms. Waddle of need to forward a copy of the filed pleading to Officer Adame.

Dated  August 20, 2004          Signed _____
                                        Lisa S. Broyaga

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ANSELMO PALOMARES-PENA          §
                                §
    Petitioner,                 §
GRACE A. WINFREY, Interim Field §          Case No. B-04-59
                                §          DHS A No. 91 241 238
Office Director for Detention and §
Removal, Bureau of Immigration and §
Customs Enforcement, Department of §
Homeland Security, AARON        §
CABRERA, Deputy Field Office    §
Director, Port Isabel Service Processing §
Center, and TOM RIDGE, Secretary §
Department of Homeland Security, and §
JOHN ASHCROFT, U.S.             §
Attorney General,               §
        Respondents             §


## DECLARATION OF PAULA S. WADDLE


Paula S. Waddle, under penalty of perjury pursuant to 28 U.S.C. § 1746, does

hereby state the following:

1.    My name is Paula S. Waddle

2.    I am an attorney licensed in the state of Texas and admitted to the federal
      bars of the Southern, Western and Northern Districts of Texas, and to the
      Court of Appeals for the Fifth Circuit. I have been practicing
      immigration law for approximately sixteen (16) years. I have been
      employed full-time for the last three and one-half (3 1/2) years by South
      Texas Immigration Council.

3.    I have been attorney for Anselmo Palomares-Peña since approximately
      October of 2003. In that capacity, I received a telephone call from a
      Deportation Officer on or about April 2, 2004, about 2 p.m. informing me
      of the Department of Homeland Security's intention to deport my client
      that afternoon.



EXHIBIT
E

4.    As I was preparing a Petition for Writ of Habeas Corpus for immediate filing and delivering it to the federal courthouse in Brownsville, I contacted Attorney Lisa Brodyaga.

5.    Ms. Brodyaga agreed to contact the Department of Homeland Security Deportation Officer for me concerning an immediate stay of deportation. In a subsequent telephone call, she informed that she had spoken with Supervisor of Deportation Officer Hector Adame who had agreed that upon the facsimile transmission of a copy of the file-stamped petition, the deportation and/or removal of Mr. Palomares-Peña would be stayed.

6.    Upon return to my Harlingen office from the Brownsville federal courthouse, I immediately faxed the evidence of filing to Officer Adame, as shown by the copy of the facsimile transmission cover sheet, a copy of which is attached hereto as Exhibit A, and by reference herein incorporated for all purposes.

7.    Petitioner Anselmo Palomares-Peña has remained in detention at the Port Isabel Servicing Processing Center from that date to the present. He has not been deported or removed.


Dated  August 20, 2004          Signed _____
                                       Paula S. Waddle

### PAULA S. WADDLE
Attorney at Law
## SOUTH TEXAS IMMIGRATION COUNCIL
107 N. 3rd.  •  Harlingen, Texas 78550
(956) 425.6987  •  Fax: (956) 425.7434

### FAX CONTROL DOCUMENT

---

### CONFIDENTIALITY  NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege.  The information is intended only for the use of the individual or entity named below.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please immediately notify us at 956.425.6987 to arrange for the return of the documents.

---

DATE:          April 2, 2004

TO:  # Mr.  Adame

NUMBER OF PAGES (Including this one):

FAX NUMBER: 547.1854/1830/1812

FROM:    Paula S. Waddle, Attorney At Law

**RE:Anselmo    Palomares-Pena**
REMARKS:
Please see attached copy of filed Petition for Habeas Corpus.  Thank you.



# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States
Southern Dist.  of Texas
FILED

APR 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **B-04-059** |
| | § | |
| GRACE A. WINFREY, Interim Field | § | **Case No. 91 241 238** |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, ARON | § | |
| CABRERA, Interim Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, and TOM RIDGE, Secretary | § | |
| Department of Homeland Security | § | |
| Respondents | § | |

## PETITION FOR WRIT OF HABEAS CORPUS

This is a petition for a writ of habeas corpus filed on behalf of Anselmo

Palomares-Peña seeking declaratory and injunctive relief to remedy his unlawful

detention and the impermissibly retroactive immigration charges against him.

Petitioner Mr. Palomares-Peña is in the custody of Respondents Grace Winfrey

and Aron Cabrera even though the laws being applied against him were not

enacted until after his plea of guilty in state court in Rosenberg, Fort Bend

County, Texas.

1