UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ANSELMO PALOMARES-PENA § § Petitioner, § § v. § § GRACE A. WINFREY, Interim Field § § Office Director for Detention and § Removal, Bureau of Immigration and § Customs Enforcement, Department of § Homeland Security, ARON § CABRERA, Interim Deputy Field Office § Director, Port Isabel Service Processing § Center, and TOM RIDGE, Secretary § Department of Homeland Security § Respondents § | Case No. B-04-59

DHS A No. 91 241 238 |

### PETITIONER'S FIRST SUPPLEMENTAL MEMORANDUM OF LAW

Petitioner Mr. Palomares-Peña, through his undersigned attorney, submits this First Supplemental Memorandum of Law in support of his First Amended Petition for Writ of Habeas Corpus and in support of his Motion for Preliminary Injunctive Relief.

### BACKGROUND FACTS

1. Mr. Palomares-Peña's First Amended Petition for Writ of Habeas Corpus filed on May 28, 2004, asserts that the Immigration Judge incorrectly applied the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), to him retroactively in an impermissible manner. He also urges therein that the alleged crime of "sexual assault of a minor" did not constitute an aggravated felony as defined in immigration law at the time of his guilty plea in June of 1996. That crime was added to the law later. Petitioner, who has been detained since September of 2003,

further seeks preliminary injunctive relief because his continued detention irreparably harms his constitutionally-protected liberty rights under applicable law. Zadvydas v. Davis, 121 S.Ct. 2491, 2499 (2001). Petitioner incorporates by reference the allegations and recitation of facts in his First Amended Petition for Writ of Habeas Corpus, in the Motion for Preliminary Injunctive Relief and in the Memorandum in Support of injunctive relief.

## RECENT LEGAL DEVELOPMENTS

2. This Supplemental Memorandum incorporates two legal developments which were not published at the time of the filing of the Petitioner's last substantive pleadings in mid-September, 2004. Specifically, the U.S. Department of Justice has issued its Final Regulations providing for an immigration waiver under "Sec 212(c) for Aliens with Certain Criminal Convictions Before April 1, 1997", published in the Federal Register at Vol. 69, No. 187, P. 57826, on September 28, 2004 (Exh. A). With a Deferred Adjudication Judgment of June 18, 1996, the Petitioner falls well within the date for eligibility. In addition, the Third Circuit in a precedential decision filed on September 17, 2004, using the categorical approach of *Taylor v. U.S.* 495 U.S. 575 (1990) determined that an "unlawful sexual contact in the third degree" conviction did not constitute an aggravated felony conviction for "sexual abuse of a minor" under 8 USC §1101(a)(43)(A). *Singh v. Ashcroft*, 2004 US App. LEXIS 19446 (3rd Cir. 2004). Petitioner shows herein that each of these recent legal developments substantially impact this case.

## ISSUES PRESENTED

**Is Petitioner an Aggravated Felon for Immigration Purposes Under Either Pertinent Section of the Aggravated Felony Statute:**

**A. Does the Judgment for Sexual Assault constitute a Conviction for**

2

Sexual Assault of a Minor?

    B. Does Petitioner have a Term of Imprisonment for More than One Year Meeting the Requirements for a Crime of Violence?

    C. In the Alternative, Petitioner Appears Prima Facie Eligible for 212(c) Relief.

SUMMARY OF THE SUPPLEMENTAL LEGAL ARGUMENTS

    3. Petitioner alleges that, because he plead guilty to sexual assault and not to sexual assault of a child, he has no aggravated felony conviction under immigration law. The crime to which he plead guilty, "sexual assault", is not an aggravated felony under either 8 U.S.C. §1101(a)(43)(A) or (F). A conviction for sexual assault is not listed as an aggravated felony in 8 U.S.C. §1101(a)(43)(A); also, Petitioner's sexual assault offense is not a crime of violence, 8 U.S.C. §1101(a)(43)(F), because the judgment contains no term of imprisonment at all. Immigration relief is available to Petitioner. Petitioner also is eligible for a waiver under the Final Rule providing Sec. 212(c) Relief for Aliens with Certain Criminal Convictions Before April 1, 1997, published in the Federal Register on September 28, 2004, and/or for a waiver for his single crime involving moral turpitude under 8 U.S.C. § 1182 (h). A remedy is now available. The case should be remanded to the Immigration Court for a hearing on the merits of immigration relief.

SUPPLEMENTAL LEGAL ARGUMENTS

**A. Does the Judgment for Sexual Assault constitute a Conviction for Sexual Assault of a Minor?**

**I.**     Petitioner's Crime Not An Aggravated Felony under 8 U.S.C. §1101(a)(43)(A)

    a. *Judgment For "Sexual Assault" Not Judgment for "Sexual Abuse of a Minor"*

3

Among changes to immigration law enacted in September, 1996, the crime of "sexual abuse of a minor" was added to the expanded list of aggravated felonies. 8 U.S.C. §1101(a)(43)(A). Not only was Petitioner's guilty plea prior to September of 1996, raising issue of impermissible retroactive application of the immigration law, but he also plead guilty only to "sexual assault". Petitioner was indicted for Aggravated Sexual Assault of a Child (Exh. B). A review of the court records makes clear that no other state court adjudication documents in this case support a finding that Petitioner assaulted a minor. The Petitioner's plea of guilty, Written Stipulation and Judicial Confession of "sexual assault" contain no reference to the age of the victim or further allegation of her being a minor (Exh. C). The Judgment also was solely for "sexual assault" (Exh. D). Significantly the Department of Homeland Security ("DHS") in its Notice to Appear ("NTA") charged commission of the crime of "sexual assault" and charged removability based on the commission of a crime of moral turpitude (Exh. E). The government itself did not claim that this was a crime involving a minor. A review of the adjudication documentation supports a bare "sexual assault" finding.

b. *Texas Statute of "Sexual Assault" Covers Criminal Activity Which Is and Is Not Aggravated Felony for Immigration Law Purposes.*

With his plea of guilty, the Petitioner admitted committing sexual assault and violating the Texas Penal Code, §22.011. The Texas Sexual Assault statute includes violations against a child as one part of the statute, Tx. Penal Code, Sec.22.011 (a)(2), and it also encompasses a variety of other unlawful acts. *Id.* , Sec.22.011 (a)(1)(A), (B) or (C). (Exh. F). One may be guilty of "sexual assault" against a child or of "sexual assault" against an adult under the same Texas statute, Tx. Penal Code, Sec.22.011. When the final documents in the case are reviewed along with the statute, they support only the

4

"sexual assault" finding, not a conviction for "sexual abuse/assault of a minor."

 c. *Judgment of "Sexual Assault" Precludes Aggravated Felony Finding Under 8 USC 1101(a)(43)(A).*

 In the instant case, the Petitioner was originally charged with sexual assault of a child. (Exh.B). But he did not plead guilty to that, none of the stipulated evidence support a conviction for an offense against a child, and the Judgment does no support any finding of an adjudication of sexual assault of a child (Exh. C). The documents in this case do not support a finding of "sexual assault of a child" under Texas law. It is possible, under the conviction documents in this case, that the victim who was originally thought to be underage at the time of the Indictment was determined actually to be of age by the time of the guilty plea. It is also possible that the Petitioner plead guilty to a less offense as part of the plea bargain. The instant case may be distinguished from *Pequeno-Martinez v. Trominski,* 281 F. Supp.2d 902, 914-1917 (S.D. Tex. 2003), in which the non-citizen's plea was under the Texas Penal Code, §21.11, "Indecency with a Child". That statute clearly is directed at crimes involving minors. This instant case involves a plea under a different statute with different supporting documents.

 The *Singh* case, *op.cit.* informs this instant proceeding on this point. It is a ruling under 8 US.C. §1101(a)(43)(A), instead of the crime of violence statute, 8 US.C. §1101(a)(43)(F) which has the consumed the majority of jurisprudence on issues involving sexual assaults of minors. The *Singh* record apparently included an admission of touching improperly a minor. Singh, a non-citizen, pled guilty to a lesser included offense, "Unlawful sexual contact in the third degree." The sentencing order also included a note that the victim was underage. *Id.* As in the instant proceeding, the Board of Immigration Appeals had similarly affirmed the Immigration Judge's decision without

5

opinion. *Id.* Because the statute did not establish the age of the victim as a minor, there was no aggravated felony conviction under 8 US.C. §1101(a)(43)(A). *Id.*

No reliance on the the Board of Immigration decision in this case, affirming the Immigration Judge's decision without opinion, is appropriate. When before the BIA on this case, the Petitioner had raised a number of grounds as the basis for his appeal, including such matters as the Immigration Judges interpretation of a federal statute, and whether the Immigration Judge erred in his consideration of factual issues. It is impossible for this court to know on what ground(s) the BIA affirmed the decision of the Immigration Court. The Fifth Circuit recently vacated the decision of the court below and remanded because it was unable to determine the grounds on which the Board rendered its decision. *Zhu v. Ashcroft*, 2004 LEXIS 176024 (5th Cir. August 19, 2004).. When the non-citizen has raised multiple grounds for appeal before the Board, and its summary affirmance makes it impossible to determine on exactly which ground(s) the Immigration Judge was upheld, it is appropriate to give no weight to the decision of the Board of Immigration Appeals in this case.

Lacking any evidence of assault of a minor in the guilty plea, the stipulations, the judicial admissions and/or the Judgment, and in light of the divisible nature of this statute, the only possible finding is that this crime was nor an aggravated felony under 8 USC §1101(a)(43)(A).

**B. Does Petitioner have a Term of Imprisonment for More than One Year Meeting the Requirements for a Crime of Violence?**

**I. Petitioner's Crime Not An Aggravated Felony under 8 U.S.C. §1101(a)(43)(F).**

Petitioner may still be guilty of an aggravated felony for immigration law

6

purposes, if he is guilty under 8 U.S.C. §1101(a)(43)(F) of a crime of violence. A finding of a plea to a "crime of violence" requires a conviction for a term of imprisonment of more than one year. 8 U.S.C. §1101(a)(43)(F). The definition of term of imprisonment, 8 USC §1101 (a)(48)(B) includes the period of incarceration or confinement ordered by a court regardless of its suspension. In the instant case, the Petitioner served no time and received no suspended sentence. The judgment recites a probation term of four (4) years (Exh. D). A sentence to probation is not considered a sentence to imprisonment. *U.S. v. Martinez-Villalva*, 232 F. 3d 1329,1332-34 (10th Cir. 2000). Because the state court imposed probation directly, rather than ordering a term in prison which was then suspended, the conviction is not an aggravated felony. *U.S. v. Banda-Zamora,* 178 F.3d 728 (5th Cir. 1999). Thus, "when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an "aggravated felony." *Id* at 730. Because the Petitioner has only a 4 year probated sentence given in the Judgment (Exh. D), he is not an aggravated felon under 8 U.S.C. §1101(a)(43)(F).

### C. In the Alternative, Petitioner Appears Prima Facie Eligible for 212(c) Relief.

### I. Petitioner's Plea in June of 1996 Qualifies Petitioner for an Immigration Court Merits Hearing.

Under recently promulgated regulations from the the U.S. Department of Justice, even if Petitioner's crime makes him an aggravated felon, he remains eligible for relief under §212(c). Federal Register at Vol. 69, No. 187, P. 57826, on September 28, 2004 (Exh. A). The rule provides for an immigration "merits hearing for aggravated felons who plead guilty on a date until April 1, 1997. The Petitioner timely filed his 212(c)

7

application prior to the Immigration Judge's decision, and he has filed a copy of the application with this court in his First Amended Petition for Habeas. All prerequisite to consideration of this application exist, and the case should be remanded to the Immigration Court for consideration of the application.

## CONCLUSION

This Court should grant Petitioner's Writ of Habeas Corpus, at least to the extent he is detained pending final decisions on his substantive constitutional and statutory claims, order his immediate release, and remand the case to the Immigration Judge for consideration of the merits application.

Respectfully submitted,

*/s/ Paula S. Waddle*
Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
Fed. I.D. No. 5674
State Bar No 26030400

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed FIRST CLASS MAIL to Mr. Steve Schemmel, AUSA, 1701 W. Highway 83, Suite 600, TCB-Bentsen Tower, at McAllen, Texas 78501, on the 12th day of October, 2004.

*/s/ Paula S. Waddle*
Paula S. Waddle

8