against violence dependent upon jury's standpoint rather than defendant's standpoint as to degree of violence, if any, necessary to effect defendant's defense. Garcia v. State (Cr.App. 1960) 169 Tex.Crim. 138, 332 S.W.2d 734.

Evidence including testimony that as defendant was being forced into sheriff's automobile he placed his hand over defendant's face and put fingers into her mouth and that she bit in self-defense entitled defendant to self-defense instruction. Banker v. State (Cr.App. 1967) 413 S.W.2d 393.

Automobile driver's testimony as to events preceding defendant's assault upon police officer required instruction as to defendant's right to use such force as was reasonably necessary to defend his person from unlawful attack or to extricate himself from unlawful detention, and failure to submit issue was reversible error. Randall v. State (Cr.App. 1969) 447 S.W.2d 912.

In prosecution for assault, defendant's testimony that he had to strike or push complainant to keep her from wrecking the vehicle which he was driving was sufficient to raise defense of necessity, and trial court erred in not instructing jury on necessity. Williams v. State (Cr. App. 1982) 630 S.W.2d 640.

Insufficient evidence existed to raise issue of self-defense so as to warrant instruction on self-defense in defendant's trial for misdemeanor assault for hitting former girlfriend with motorcycle and dragging her, even though defendant testified that he wanted to leave, that former girlfriend was blocking him, and he took opportunity to leave when she moved, and that former girlfriend had slapped him, where there was no evidence that defendant ran over former girlfriend in order to protect himself, there was no evidence that he was in fear of bodily harm, and defendant was unaware that former girlfriend had been injured until later that night when former girlfriend's son called defendant. Clifton v. State (App. 2 Dist. 2000) 21 S.W.3d 906, rehearing overruled, petition for discretionary review refused.

**43. Findings**

Statute requiring court to make an affirmative finding of family violence in the judgment of conviction for assault offense involving family violence was intended to simplify prosecution of subsequent family assault cases by making it unnecessary to relitigate details of previous assault in subsequent prosecution, rather, state may rely on affirmative finding in prior judgment to prove that victim of defendant's previous assault was a family member. State v. Eakins (App. 3 Dist. 2002) 71 S.W.3d 443.

Although better practice would have been for trial court to make and enter required family violence finding in the judgment for previous conviction of assault involving family violence, in absence of such state could enter extrinsic evidence of defendant's previous conviction involving family violence in subsequent prosecution for assault of a family member. State v. Eakins (App. 3 Dist. 2002) 71 S.W.3d 443.

**44. Sentence and punishment**

Trial court's order, granting defendant's plea in bar and suppressing evidence that victim in previous assault conviction was a family member, was appealable in present case against defendant, who was indicted on charges of assault on a household member; order effectively negated enhancement paragraph of the current indictment, and thus the felony indictment itself, as the charged offense would be a misdemeanor without the enhancement. State v. Cagle (App. 14 Dist. 2002) 77 S.W.3d 344, petition for discretionary review filed.

A prior assault on a family or household member is a sentence enhancement at a trial for assault on a family or household member, rather than an element of the offense; the operative statutory language is prefaced with the phrase, "if it is shown on the trial of the offense." State v. Cagle (App. 14 Dist. 2002) 77 S.W.3d 344, petition for discretionary review filed.

**45. Review**

Issue of whether, to elevate a second family assault offense to a felony, a prior assault conviction must affirmatively reflect on the judgment that it was committed against a family or household member, and questions as to the sufficiency of a prior judgment as evidence to prove the enhancement fact and/or the relevance of extrinsic evidence of a family/household relationship of a prior victim, depending on whether the prior judgment must reflect a family violence finding, were not presented to, or decided by, the trial court, and thus were not properly before the Court of Appeals for review. State v. Cagle (App. 14 Dist. 2002) 77 S.W.3d 344, petition for discretionary review filed.

## § 22.011. Sexual Assault

(a) A person commits an offense if the person:

  (1) intentionally or knowingly:

    (A) causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent;



  (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

  (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

 (2) intentionally or knowingly:

  (A) causes the penetration of the anus or female sexual organ of a child by any means;

  (B) causes the penetration of the mouth of a child by the sexual organ of the actor;

  (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

  (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

  (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

(b) A sexual assault under Subsection (a)(1) is without the consent of the other person if:

 (1) the actor compels the other person to submit or participate by the use of physical force or violence;

 (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;

 (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;

 (4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;

 (5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;

 (6) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge;

 (7) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat;

 (8) the actor is a public servant who coerces the other person to submit or participate;

 (9) the actor is a mental health services provider or a health care services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor; or

(10) the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as spiritual adviser.

(c) In this section:

(1) "Child" means a person younger than 17 years of age who is not the spouse of the actor.

(2) "Spouse" means a person who is legally married to another.

(3) "Health care services provider" means:

    (A) a physician licensed under Subtitle B, Title 3, Occupations Code;[1]

    (B) a chiropractor licensed under Chapter 201, Occupations Code;

    (C) a licensed vocational nurse licensed under Chapter 302, Occupations Code;

    (D) a physical therapist licensed under Chapter 453, Occupations Code;

    (E) a physician assistant licensed under Chapter 204, Occupations Code; or

    (F) a registered nurse or an advanced practice nurse licensed under Chapter 301, Occupations Code.

(4) "Mental health services provider" means an individual, licensed or unlicensed, who performs or purports to perform mental health services, including a:

    (A) licensed social worker as defined by Section 505.002, Occupations Code;

    (B) chemical dependency counselor as defined by Section 504.001, Occupations Code;

    (C) licensed professional counselor as defined by Section 503.002, Occupations Code;

    (D) licensed marriage and family therapist as defined by Section 502.002, Occupations Code;

    (E) member of the clergy;

    (F) psychologist offering psychological services as defined by Section 501.003, Occupations Code; or

    (G) special officer for mental health assignment certified under Section 1701.404, Occupations Code.

(d) It is a defense to prosecution under Subsection (a)(2) that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party.

(e) It is an affirmative defense to prosecution under Subsection (a)(2) that:

(1) the actor was not more than three years older than the victim and at the time of the offense:

    (A) was not required under Chapter 62, Code of Criminal Procedure, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997, to register for life as a sex offender; or

(B) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section; and

(2) the victim was a child of 14 years of age or older.

(f) An offense under this section is a felony of the second degree.

Added by Acts 1983, 68th Leg., p. 5312, ch. 977, § 3, eff. Sept. 1, 1983. Amended by Acts 1985, 69th Leg., ch. 557, § 1, eff. Sept. 1, 1985; Acts 1987, 70th Leg., ch. 1029, § 1, eff. Sept. 1, 1987; Acts 1991, 72nd Leg., ch. 662, § 1, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 273, § 1, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 318, § 6, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1031, §§ 1, 2, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1286, § 1, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1102, § 3, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 1415, § 24, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1420, § 14.829, eff. Sept. 1, 2001.

[1] V.T.C.A., Occupations Code § 151.001 et seq.

### Historical and Statutory Notes

Acts 1985, 69th Leg., ch. 557, § 1, in subsec. (a), substituted "female sexual organ" for "vagina" in subds. (1)(A) and (2)(A).

Section 2 of the 1985 amendatory act provides:

"(a) The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 1985] of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

"(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose."

Acts 1987, 70th Leg., ch. 1029, § 1 added subsec. (a)(2)(D).

Acts 1991, 73rd Leg., ch. 900, § 1.01, in subsec. (a), deleted exemptions pertaining to the spouse of the actor; in subsec. (b), deleted a former subd. (6), which provided: "the actor knows that the other person submits or participates because of the erroneous belief that the actor is the other person's spouse"; and added subsec. (g).

Section 2 of the 1991 amendatory act provides:

"(a) The change in the law made by this Act applies only to the prosecution of an offense committed on or after the effective date [Sept. 1, 1991] of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

"(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose."

Acts 1993, 73rd Leg., ch. 900, § 1.01, in subsec. (b), following "Subsection (a)(1)", deleted "of this section"; added subsec. (b)(8); rewrote subsec. (d); in subsec. (e), following "Subsection (a)(2)", deleted "of this section", substituted "three" for "two", and added "and the victim was a child of 14 years of age or older"; and deleted subsec. (g). Prior to amendment, subsecs. (d) and (g) read:

"(d) It is a defense to prosecution under Subsection (a)(2) of this section that:

"(1) the child was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection; or

"(2) the conduct consisted of medical care for the child."

"(g) A prosecution against a spouse under this section requires a showing of bodily injury or the threat of bodily injury."

Acts 1995, 74th Leg., ch. 273, in subsec. (c)(2), following "another", deleted "except that persons married to each other are not treated as spouses if they do not reside together or if there is an action pending between them for dissolution of the marriage or for separate maintenance".

Acts 1995, 74th Leg., ch. 318, in subsec. (b), added subds. (9) and (10).

Acts 1997, 75th Leg., ch. 1031, in subsec. (b)(9), inserted "or a health care services provider"; and added subsec. (c)(3).

Section 3 of Acts 1997, 75th Leg., ch. 1031 provides:

"(a) The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 1997] of this Act.

373