United States District Court
Southern District of Texas
FILED

JUL 21 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANSELMO PALOMARES-PENA § § Petitioner, § § v. § § GRACE A. WINFREY, Interim Field § Office Director for Detention and § Removal, Bureau of Immigration and § Customs Enforcement, Department of § Homeland Security, AARON § CABRERA, Deputy Field Office § Director, Port Isabel Service Processing § Center, and TOM RIDGE, Secretary § Department of Homeland Security, and § JOHN ASHCROFT, U.S. § Attorney General, § Respondents § | Case No. B-04-59 DHS A No. 91 241 238 |

### PETITIONER'S SECOND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

1.  Pursuant to Federal Rule of Civil Procedure 65, Petitioner Anselmo Palomares-Pena, through his attorney, requests that this Court grant him a preliminary injunction ordering Respondents to release him from detention. In support of this motion, Mr. Palomares-Pena shows as follows:

#### Relief Requested

2.  Petitioner seeks immediate release from continued detention. Because he was detained as an "arriving alien," no Immigration Court has had jurisdiction to consider any application for bond in his case. Petitioner, who has been held since September 28, 2003, has never had a hearing on his detained status.

#### Background Procedural Facts

3.  *Habeas Petition Filing*-On September 28, 2003, Respondents detained Petitioner, Mr. Palomares-Pena. On December 4, 2003, the Immigration Judge determined that Petitioner had

committed a crime involving moral turpitude, under 8 USC 1182(a)((2)(A)(i)(I), Sec. 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act. Administrative appeal was taken, and appeal dismissed. On April 2, 2004, Mr. Palomares-Pena filed a Petition for Writ of Habeas Corpus seeking, among other relief, his release from detention. A First Amended Petition was filed on or about May 28th, 2004, requesting release from detention, among other relief.

4. *Threatened Deportation Stayed*- A [First] Motion for Preliminary Injunctive Relief (Docket No. 3) specifically seeking release from detention was filed on June 9, 2004, with a supporting memorandum filed on the same date and a latter First Supplemental Memorandum of Law on October 13, 2004. On October 26, 2004, the Motion was denied as moot (Docket No. 21). On March 28, 2005, an Amended Application for Temporary Restraining Order (Docket No. 23) was filed as the Petitioner faced immediate deportation, and on March 29, 2005, the Court ordered that any deportation of Petitioner be stayed. At that hearing, Petitioner's Counsel made an oral request to the Court for a detention review, and the Court also required the Respondents to "review the status of Petitioner's detention." (Docket No. 26).

5. *ICE Denies Release Request*- The Respondents informed Petitioner's counsel of the denial of his request for parole on March 29, 2005, shortly after the federal court hearing, as shown in Exhibit A hereto, which is incorporated herein for all purposes. Counsel for Petitioner sent a second, followup letter, again requesting specific review under *Clark v. Martinez*, 125 S. Ct. 716, 160 L. Ed 2d 734 (2005), as that case specifically addressed the parole of aliens deemed inadmissible, such as Petitioner. On March 31, 2005, Respondents denied the request, stating that the *Clark* case did not apply in this case. Copies of these letters are attached hereto as Exhibits B and C, respectively, and by reference herein incorporated for all purposes.

6. *Special 212(c) Request to BIA Pends-* While this instant Petition for Habeas Corpus has been pending, a new federal regulation, relating to eligibility for relief from removal, but not addressing detention, was promulgated. The regulation provided for a 212(c) waiver, so that Petitioner filed his Special Motion for 212(c) Relief on or about October 28, 2004, with the Board of Immigration Appeals ("BIA" herein), all as provided in the regulation. The Motion pends. Counsel for Petitioner confirmed with a BIA clerk that the Motion is on the " BIA Detained Docket." The Special Motion has now pended for over 8 months.

7. *REAL ID Act Inapplicable to This Requested Relief*- Recently, Congress passed the REAL ID Act of 2005, Pub. L. No. 109-13, §106, 119 Stat. 231 (May 11, 2005). It provides for

transfer to the court of appeals of challenges to the Order of Removal, or cases in which a part of the case challenges the order of removal. The Respondents have filed their Opposed Motion to Transfer (Docket No. 27). By an Unopposed Motion to allow briefing on this issue of the transfer of all of the case (Docket No. 28), the Petitioner has requested time to brief the issue of the transfer of all of the case. Petitioner's position is that this Habeas Corpus Petition seeks both release from detention as well as a setting aside of the Order of Removal. Because it involves release from detention, it is appropriate only to transfer the part of the case dealing with the removal order, in Petitioner's opinion. Since this Second Motion specifically relates only to a requested release from detention, the transfer provisions of the REAL ID Act are inapplicable to this motion.

### Grounds for Request for Immediate Release from Detention

8. *Removal Not Reasonably Foreseeable.* In *Zadvydas v. Davis*, 533 U.S. 678, 689, 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001), the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) as authorizing the Attorney General to detain admissible aliens only so long as "reasonably necessary" to remove them from the country. "Once removal is no longer reasonably foreseeable," the Court held, "continued detention is no longer authorized." Id. at 699.

9.     Petitioner urges that his removal is not reasonably foreseeable. The BIA Special Motion, which may grant a 212(c) merits hearing before an Immigration Judge, continues to pend. In addition, under the REAL ID Act, transfer of a portion of the instant proceeding to the Court of Appeals for the Fifth Circuit appears likely, with the ultimate decision on the removal of the Petitioner to be awaited there or from the U.S. Supreme Court. Any final decision would not be expected in the near future.

10. *Petitioner's Twenty-One (21) Month Detention No Longer Presumptively Necessary.* The Petitioner has now been held in detention for over twenty-one months. The presumptive period during which the detention of an alien is reasonably necessary is six months. *Zadvydas*, op.cit. at 701. The 21 month detention far exceeds the 6 month presumptive period established by the U.S. Supreme Court in 2001. Petitioner was sentenced to no jail time at all for the 1995 offense of sexual assault following his guilty plea. He was given deferred adjudication under Texas law, for a four year term, which he successfully completed in 2000. In *Clark v.*

*Martinez*, 160 L. Ed. 2d 734, 125 S. Ct. 716, 722 (2005), the Supreme Court clarified that *Zadvydas* applied to excludable (and inadmissible) aliens, such as Petitioner who was charged with a crime involving moral turpitude, under 8 USC §1182(a)(2)(A)(1), as shown by the Notice to Appear, a copy of which is attached as Exhibit D. hereto.

### Bond Upon Release

11. *Bond Requirement May Be Waived.* The amount of security bond, if any, required as a condition for injunctive relief is clearly a matter of resting within the sound discretion of this Court. The Court may dispense with the requirement of a bond altogether where the relief is in the public interest. <u>Yakus v. United States</u>, 64 S.Ct. 660, 675 (1944); <u>City of Atlanta v. Metropolitan Atlanta Rapid Transit Auth.</u>, 636 F.2d 1084 (5th Cir. 1981). In this case, the Court should waive the requirement of bond or require only a nominal bond. Mr. Palomares-Pena, behind bars for over twenty-one (21) months, has lost significant financial assets already. Although he does have a promise of employment upon release, as shown by Exhibit E hereto, his spouse of many years, Mrs. Maria Palomares has recently required surgery, as shown on Exhibit F hereto, and is convalescing.

### Memoranda In Support of Preliminary Injunction

12. *Request to Incorporate Prior Memoranda. Petitioner* requests that Memoranda previously filed in support of his release from detention be incorporated herein. Specifically, Petitioner requests that the Memorandum in Support of Preliminary Injunction (Docket No. 4) and the First Supplemental Memorandum in Support of Preliminary Injunction (Docket No.18) be referenced as part of this Motion.

WHEREFORE, Petitioner prays that the Court grant his Second Motion for a Preliminary Injunction immediately to enjoin Respondents, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them from continuing to detain Petitioner, that the Court grant his release at no or minimal bond, and for such other and further relief as is just.

                         Respectfully submitted,

*/s/ Paula S. Waddle*
Paula S. Waddle, Attorney in Charge
4793 W. Expressway 83
Harlingen, TX 78553
(956) 425-6987
(956) 425-7434 (Fax)
State Bar No: 26030400
Fed. I.D. No. 5674
ATTORNEY FOR PETITIONER

### CERTIFICATE OF CONFERENCE

Counsel represents that she did speak by telephone with Mr. Rene Benavides, AUSA, on June 14, 2005 regarding this Motion. When he indicated that he could not a decision without seeing a copy of the Motion, Counsel faxed him a copy of the draft Motion on that date. To today's date, and Mr. Benavides has not stated the position of the Respondents.

*/s/ Paula S. Waddle*
Paula S. Waddle

### CERTIFICATE OF SERVICE

I certify that, on July 21, 2005, I served a true copy of the *Petitioner's Second Motion for Preliminary Injunctive Relief* by first class mail, postage prepaid to Defendants' Counsel;

Mr. Rene Benavides
Assistant United States Attorney for the Southern District of Texas
United States Attorney's Office
1701 W. Highway 83, Suite 600, TCB-Bentsen Tower
McAllen, Texas 78501

*/s/ Paula S. Waddle*
Paula S. Waddle

*Office of Detention and Removal Operations*
U.S. Department of Homeland Security Port
Isabel Detention Center
Rt. 3 Box 341
Los Fresnos, TX 78566



**U.S. Immigration and Customs Enforcement**

MAR 29 2005

March 29, 2005

Paula S. Waddle
Attorney at Law
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550

Re: **Anselmo Palomares Pena**     A91 241 238

Dear Mrs. Waddle:

This is in response to your request for release on parole for Mr. Anselmo Palomares Pena. You have submitted various requests for parole of your client dating back to December 1993. In accordance with your request and instructions received from the U.S. District Court in Brownsville, Texas, another thorough review of Mr. Palomares' file has been made. The circumstances of your client's case have not changed significantly.

Due to the nature of the crime for which your client was convicted, the Service does not find any "urgent humanitarian need" or "a significant public benefit" in paroling your client into the community. Therefore, in response to your request for parole on behalf of your client, it is respectfully denied.

Sincerely,

Aaron L. Cabrera
Officer In Charge
Port Isabel Detention Center



EXHIBIT A

## PAULA S. WADDLE
Attorney at Law
## SOUTH TEXAS IMMIGRATION COUNCIL
107 N. 3rd.  •  Harlingen, Texas 78550
(956) 425.6987  •  Fax: (956) 425.7434

FAX CONTROL DOCUMENT

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us at 956.425.6987 to arrange for the return of the documents.

DATE:     March 30, 2005

TO:   **Mr. Aaron Cabrera**

NUMBER OF PAGES (Including this one):

FAX NUMBER: 956. 547.1854/1830/1812

FROM:    Paula S. Waddle, Attorney At Law

**RE:** *Palomares-Pena, Anselmo*
**REMARKS:**
Attached please find a followup request for a *Clark* review of the continued detention, in light of the Judge Hanen's order yesterday.. Thank you.





Office of Detention and Removal Operations
U.S. Department of Homeland Security
Port Isabel Detention Center
Rt. 3 Box 341
Los Fresnos, TX 78566

**U.S. Immigration and Customs Enforcement**

March 31, 2005

Paula S. Waddle
Attorney at Law
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550

Re:  **Anselmo Palomares Pena**     A91 241 238

Dear Mrs. Waddle:

This is in response to your request for release on parole for Mr. Anselmo Palomares Pena, dated March 30, 2004. Our Service Legal Counsel has rendered an opinion that Clark vs. Martinez does not apply in Mr. Palomares' case. If a stay of removal were not in place by the Federal Court, Mr. Palomares' removal would be imminent.

The circumstances of this case have not changed since your last parole request. Therefore, your request for parole is hereby denied.

Sincerely,

Aaron L. Cabrera
Officer In Charge
Port Isabel Detention Center



EXHIBIT C

Immigration and Naturalization Service | Notice to Appear in Removal Proceedings
Under Section 2 of the Immigration and Nationality Act

File No: A91 241 238

In the Matter of: **ANSELMO PALOMARES PENA**                DOB: 6/16/1953

Respondent: **ANSELMO PALOMARES PENA**

Currently residing at    PORT ISABEL SERVICE PROCESSING CENTER, RT 3 BOX 341
LOS FRESNOS, TX 78566

(956) 547-1759

Number, street, city, state, and ZIP code        Phone Number

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1. You are not a citizen or national of the United States.
2. You are a citizen of Mexico and a national of Mexico
3. On September 28, 2003, you applied for admission at the Port of Entry at Pharr, Texas as a returning Resident.
4. At the time of entry, it was revealed that on June 26, 1995 you were charged with Aggravated Sexual Assault on a Child and you plead No Contest.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provisions(s) of the law

Section 212(a)(2)(A)(I)(I) of the Immigration and Nationality Act (ACT), as amended, In that a consular officer or Attorney General knows or has reason to believe you are an alien who is or has been convicted of crimes involving Moral Turpitude.

☐    This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear

☐    Section 235(b)(1) ordered was vacated pursuant to:    ☐  8 CFR 208.30(f)(2)    ☐  8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 E. Jackson, Harlingen, Texas 78550
DATE and TIME to be determined

(Complete Address of Immigration Court, Including Room Number, if any)

on  to be set  at  to be determined    to show why you should not be removed from the United
    (Date)         (Time)                States based on the charge(s) set forth above

IMMIGRATION INSPECTOR
(Signature and Title of Issuing Officer)

HIDALGO, TEXAS

Date:    Sunday, September 28, 2003                (City and State)

See reverse for important information            Form I-862 (Rev. 4-1-97)



EXHIBIT D

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____ (Signature of Respondent)

Before: _P. Eguia_ IMMIGRATION INSPECTOR
(Signature and Title of INS Officer)

Date: Sunday, September 28, 2003

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___Sunday, September 28, 2003___ in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☒ in person
☐ by certified mail, return receipt requested     ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services

☒ The alien was provided oral notice in the ___SPANISH___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

EGUIA, P.
IMMIGRATION INSPECTOR
(Signature and Title of Officer)

Form I-862 (Rev. 4-1-97)



**TROY CONSTRUCTION**

October 8, 2004

To Whom It May Concern:

Anselmo Palomares, 461 93 3315, has been a trusted employee with Troy Construction over the years. Anselmo has a job waiting for him with this company upon his return. Should you have any questions please call me at 281 437 8214.

Sincerely,

David Dacus
President



P.O. BOX 450862 (77245)　　　　　　　　　HOUSTON, TEXAS　　　　　　　　　8521 McHARD ROAD (77053)
281/437-8214　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　281/437-9580 (FAX)

**GENERAL INFORMATION:**

Discharged: Date 06/17/05  Time: 2300  Ambulatory ☐  W/C ☑  Stretcher ☐  Ambulance ☐
Discharged To (Specify): Home  Accompanied By: Staff
☑ Telemetry Monitor Removed  ☐ Saline Lock Removed

| Valuables with patient at time of discharge | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| Eyeglasses/contact lens | | ✓ | | |
| Dentures | | ✓ | | |
| Hearing aids | | ✓ | | |
| Jewelry | | ✓ | | |
| Clothing | | ✓ | | |
| Medications | | ✓ | | |
| Secured valuables returned | | ✓ | | |
| Other: | | ✓ | | |

**Activity Level:**
☐ Ambulation, as tolerated
☐ Bed Rest
☐ Out of Bed in Chair X____/Day
☐ No Lifting
☐ May Lift
☐ Lifting Limited ____

☐ Pain Level at Discharge (0-10) 0
☐ Pain Management information provided
☐ Smoking Cessation Advice/ information provided

**HOME CARE INSTRUCTIONS**
☐ No Stairs
☐ Stairs Permitted
☐ Stairs Limited ____
☐ No Driving
☐ May Drive
☐ Driving Limited ____  Avoid Strenuous activity

☐ May Shower
☐ Bathing with Assist
☐ Sexual Relations (if applicable) ____
☐ Other: ____

**OTHER HOME CARE INSTRUCTIONS**
☐ Home weight monitoring instructions provided (required for CHF patients)
☐ What to do if symptoms worsen: ☐ Call MD ☐ Other: ____

| Discharge with: | Y | N | INSTRUCTIONS |
|---|---|---|---|
| Crutches/Cane/Walker/W/C | | ✓ | |
| Drains/Catheter/Ostomy | | ✓ | |
| CVC/IID | | ✓ | |
| Orthopedic Devices | | ✓ | |
| Respiratory Therapy | | ✓ | |
| Wound/Incision | ✓ | | ® groin puncture site intact & no bleeding |
| Dressing | ✓ | | ® groin |
| Home Weight Monitoring | | ✓ | |
| Other | | | |

DIET: 1800 Cal ADA   Diet Instruction Given: ☐ Yes
Food and Drug Interaction Guide Given: ☑ Yes  ☐ Not Applicable
Allergies (Note in Red): NKA
Discharge Medications (indicate dosage and frequency):
Imdur 60mg T daily
Metoprolol 25mg T tablet twice a day
Zocor 20mg T tablet daily
Aspirin 325mg T daily

Request that patient return patient survey when received in the mail ☑ Yes
HEALTHCARE FOLLOW-UP / APPOINTMENT: ☐ 1 Week  ☑ 2 Week  Other Follow up with Dr Parikh
IF YOU HAVE ANY QUESTIONS, CALL YOUR PHYSICIAN:
Dr.: Patel Bhagwat PU   Phone #: ____
Dr.: ____   Phone #: ____

I have been given a copy and explanation of this Discharge Instruction Sheet, which I have read, understand and can follow.

Maria Palomares / Becky Osborn RN
Patient/Patient Representative's Signature  Signature of Discharge Nurse

FOR YOUR WHOLE LIFE.
**Discharge Instruction Sheet**

36285529-5166  ADM: 06/16/05
PALOMARES, MARIA  F
DOB: 03/28/1946  59 Years  SER: MED
MD: Patel, Bhagwat Pu

49962  8/02


EXHIBIT F

WHITE COPY - PATIENT  YELLOW COPY - CHART

-16-05



No Stenosis

155/76/109
LVEDP 15

L.V. Function:
EF 60-65%

50% Stenosis

No Stenosis

No Stenosis

**Cardiac Catheterization Coronary Arterial Report**

36285529-5166
PALOMARES, MARIA
DOB: 03/28/1946  59 Years
MD: Patel, Bhagwat Pu

ADM: 06/16/05
F
SER: MED