United States District Court
Southern District of Texas
FILED

AUG 1 2 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| GRACE A. WINFREY, Interim Field | § | Case No. B-04-59 |
| | § | DHS A No. 91 241 238 |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, AARON | § | |
| CABRERA, Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, and TOM RIDGE, Secretary | § | |
| Department of Homeland Security, and | § | |
| JOHN ASHCROFT, U.S. | § | |
| Attorney General, | § | |
| Respondents | § | |

## PETITIONER'S OPPOSITION TO TRANSFER MOTION

The Counsel for Petitioner, Mr. Palomares-Pena, respectfully files this Opposition to Transfer Motion, and for cause shows as follows:

### Relief Requested

1. The government has filed its Motion to Transfer to the Court of Appeals for the Fifth Circuit. Petitioner in this Opposition seeks to have the Court determine that all or a part of the case should remain with the federal district court and not be transferred to the Court of Appeals.

## Background Facts

2.     As alleged in the First Amended Petition for Habeas Corpus (Docket No. ), this Petitioner is an legal permanent resident of fifteen (15) years. He has actually been in the U.S. since 1979. The Petitioner was placed in proceedings for the one-time deferred adjudication for sexual assault. The immigration judge determined that the offense was an aggravated felony, finding that Petitioner was not eligible for any relief. The Petitioner received an immediate order of removal. The Department of Justice subsequently issued regulations, in September of 2004, making Petitioner eligible for relief under Sec. 212(c), but the Board of Immigration Appeals (herein "Board") had already denied Petitioner's original appeal, and this instant Petitioner for Habeas Corpus had been filed. A Special Motion to Reopen for Sec. 212(c) relief was timely filed with the Board, which motion has been recently granted by the Board, and the case remanded to the Immigration Judge for an immigration merits hearing.

3.     Because Petitioner was returning from Mexico when detained in September of 2003, he is considered an arriving alien. He has never had a hearing on the merits of his continued detention because there is no provision in the immigration law for such a hearing to be granted to an arriving alien. The Petitioner's Counsel has repeatedly requested of the head of Port Isabel Detention Center, Texas, that the Petitioner be released, in light of the Petitioner's equities in the U.S and his eligibility under application U.S. Supreme Court decisions and under governmental regulation. All requests for release have been denied. The most recent request was on August 8, 2005, based upon the decision of the Board determining that the Petitioner was *prima facie* eligible for 212(c) relief. There has been no response to that request.

4.     Since Petitioner has lived in the U.S. for over thirty (30) years, since he is a legal permanent resident with constitutional and statutory due process rights, and because of the many legal defenses to the removal, the instant Petition was filed to challenge the order of removal as well as the continued detention of Petitioner. The First Amended Petition (Dkt. No. 2 ) specifically asks that this Honorable District Court, among other

relief, declare Petitioner's detention unlawful, and order the Petitioner's release from custody immediately, among other relief sought.

## Grounds for Opposition

Petitioner objects to transfer of all of the case to the Court of Appeals, because at least a portion of the case does not challenge the Order of Removal but rather seeks the immediate release from detention of the Petitioner. Because Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Stat. 231 (herein "the Act") provides only for transfers of cases challenging final orders of removal, the Act does not apply to at least a part of the instant habeas cause of action. In addition, because the instant proceeding may require the taking of additional evidence, retention of the case by this court is necessary.

### A. *The REAL ID Act Does Not Apply to Habeas Proceedings Challenging Detention.*

Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Stat. 231; 8 U.S.C. §1252(a)(5) (herein "the Act") provides only for transfers of cases challenging final orders of removal. It makes no provision for the transfer of cases involving requests for release from detention. Ibid. The Act specifically mandates that the Court shall "transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion)", Ibid., implying by reference that Congress contemplated that a portion of a case, in a proper situation, might remain with the federal district court under its habeas jurisdiction. The Act does not mandate the transfer of all habeas cases. The government admits that this does not apply to detention cases in its Opposes Motion to Transfer Case to Fifth Circuit Court of Appeals Pursuant to Section 106(c) of the REAL ID Act of 2005 (Dkt. No. 27, Footnote 8). The portion of the instant Petition seeking release from detention should not be transferred to the Court of Appeals for the Fifth Circuit.

**B. *Remand by Court of Appeals Not Available for the Taking of Additional Evidence.***

The documents and/or evidence on which Petitioner relies to challenge his continued detention in his Petition for Writ are not part of the Administrative Record. The circumstances of the detention of the Petitioner, including the DHS written denials of release of Petitioner and facts and circumstances of surrounding Petitioner's detention are not part of the administrative proceedings and so are extrinsic to the Administrative Record. 8 C.F.R. 1240.9. The Court of Appeals may not remand for the taking of additional evidence under 28 U.S. C. Sec. 2347(c). 8 U.S.C. Sec. 1252(a)(1). Since the due process violations complained of here are outside of the Administrative Record, a constitutional problem would arise. Even the remedy of remanding the case to the agency, as discussed in *Garcia v. Boldin* 691 F. 2d 1172, 1182 (5th Cir. 1982) for further inquiry would be of no avail, as that not only is that barred by the statute, 8 U.S.C. Sec. 1252(a)(1), but also because the events described in the instant Petition occurred outside of the agency review process, and even if remand were available, would not constitute a part of the Record of the Board or before the Immigration Court. If the entire Habeas proceeding is transferred, important constitutional problems, involving omission of important evidence, would arise. The portion of the case dealing with the detention of Petitioner properly belongs before this Court.

Wherefore, Petitioner respectfully requests that the Court grant the opposition of the Petitioner to the transfer Motion, retain at least a portion of the case relating to the detention of the Petitioner, and for such other relief as is just.

Respectfully submitted,

By: *Paula Waddle*
Paula S. Waddle, Attorney at Law
South Texas Immigration Council, Inc.
Paula S. Waddle, Attorney in Charge
4793 W. Expressway 83
Harlingen, TX 78552
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed by first class mail to Mr. Rene Benavides, AUSA, at 1701 W. Highway 83, #600, McAllen, Texas 78550, on this the 11th day of August, 2005.

*Paula Waddle*
Paula S. Waddle