**DIVISION IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE**

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | B-04-59 |
| GRACE A. WINFREY, INTERIM FIELD | § | |
|     OFFICE DIRECTOR FOR | § | |
|     DETENTION AND REMOVAL, | § | |
|     BUREAU OF IMMIGRATION | § | |
|     AND CUSTOMS ENFORCEMENT | § | |
|     DEPARTMENT OF HOMELAND | § | |
|     SECURITY, | § | |
| AARON CABRERA, INTERIM DEPUTY | § | |
|     FIELD OFFICE DIRECTOR, | § | |
|     PORT ISABEL SERVICE | § | |
|     PROCESSING CENTER, | § | |
| TOM RIDGE, SECRETARY | § | |
|     DEPARTMENT OF HOMELAND | § | |
|     SECURITY, and | § | |
| JOHN ASHCROFT, ATTORNEY | § | |
|     GENERAL OF THE UNITED | § | |
|     STATES | § | |
|     Respondents. | § | |

**RESPONDENTS' RESPONSE TO PETITIONER'S SECOND MOTION FOR**
**PRELIMINARY INJUNCTIVE RELIEF**

Respondents' file this Response to Petitioner's Second Motion for Preliminary Injunctive

Relief. In support of this Motion Respondents show the court as follows:

**Background**

Defendants filed a Motion to Transfer this case to the Fifth Circuit Court of Appeals on

June 14, 2005 pursuant to the REAL ID Act that was recently enacted. Petitioner filed a

response opposing the Motion to transfer on August 11, 2005. Prior to filing the opposition,

1

Petitioner filed his Second Motion for Preliminary Injunctive Relief on July 21, 2005.  The Board

of Immigration Appeals granted Petitioner's request to reopen and remand his case to the

Immigration Court, contending that he is eligible to apply for a section 212(c) waiver.  The BIA

remanded the case to the Immigration Court to allow the Petitioner to pursue an application for

relief under section 212(c) of the Act.

### Challenge to removal

Petitioner originally filed a Petition for Writ of Habeas Corpus challenging a final order

of removal and the detention of the Petitioner.  Petitioner also filed a first Petition for injunctive

relief, but this did not change the final order of removal.  As a result of the enactment of the Real

ID Act, the Fifth Circuit has jurisdiction of all cases challenging removal.  However, following

Respondents' Motion to Transfer, the Board of Immigration Appeals remanded the case to the

Immigration Court. (although the BIA had already denied Petitioner's original appeal which

prompted the writ of habeas corpus, new regulations allowing for a special motion to reopen for

212(c) relief were issued, and the BIA granted such motion) Therefore, there is no longer a final

order of removal, and Petitioner's Second Motion for Injunctive Relief is, in effect, a challenge

to detention and not to removal.  As a result, if Petitioner is not challenging removal, this case

should not be transferred.

### Injunctive relief

The BIA has remanded Petitioner's case to the Immigration Court to allow him to pursue

an application for relief under section 212(c).  The Petitioner's injunctive relief request for

immediate relief from continued detention is inappropriate for two reasons.  First, the Petitioner

has never had a hearing on his detained status, and therefore, he has not exhausted his

administrative remedies.  His case has just been remanded to the immigration court, and his

detention issues should be considered with that court.  Second, federal district courts do not have

jurisdiction to grant injunctive relief to a challenge to detention but may only review such

challenges by writ of habeas corpus. Habeas corpus review is the only extent of jurisdiction the

Federal District Courts have in reviewing any action taken by the immigration courts. However,

habeas corpus review is only proper if the administrative remedies have been exhausted.   Habeas

review is within the province of jurisdiction by the Federal District Courts, and it does not

include broad review or jurisdiction, such as to grant declaratory or injunctive relief.  For

instance, in the Zalawadia v.Ashcroft case, the Court only had the option to invalidate the prior

deportation order even though injunctive relief was also requested  Zalawadia v. Ashcroft, 371

F.3d. 292 (5th Cir. 2004).  Thus, it stands to reason that in this case, the Court only has

jurisdiction for habeas review and nothing else.  Petitioner has not given appropriate basis for

jurisdiction in his request for injunctive relief.

Wherefore, Respondent request that this court deny Petitioner's request for injunctive

relief.                                      Respectfully submitted,

Rene Carlo Benavides
United States Attorney
CHUCK ROSENBERG
UNITED STATES ATTORNEY

//s//Rene Carlo Benavides
RENE BENAVIDES
Assistant United States Attorney
1701 Business 83, Suite 600
McAllen, Texas  78501
(956) 618-8010/FAX (956) 618-8016
State Bar No. 24025248
Southern Dist. of Texas No. 26215

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing response was sent by first-class mail, postage pre-paid, to:

Paula S. Waddle
107 N. 3rd
Harlingen, Texas 78550
(956) 425-7434 (fax)

on August 23, 2005.

/s/ Rene Carlo Benavides
RENE BENAVIDES
Assistant United States Attorney

4