United States District Court
Southern District of Texas
FILED

AUG 29 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANSELMO PALOMARES-PENA | § | |
| Petitioner, | § | |
| v. | § | |
| | § | |
| GRACE A. WINFREY, Interim Field | § | Case No. B-04-59 |
| | § | DHS A No. 91 241 238 |
| Office Director for Detention and | § | |
| Removal, Bureau of Immigration and | § | |
| Customs Enforcement, Department of | § | |
| Homeland Security, AARON | § | |
| CABRERA, Deputy Field Office | § | |
| Director, Port Isabel Service Processing | § | |
| Center, and TOM RIDGE, Secretary | § | |
| Department of Homeland Security, and | § | |
| JOHN ASHCROFT, U.S. | § | |
| Attorney General, | § | |
| Respondents | § | |

**PETITIONER'S REPLY TO U.S.A'S RESPONSE TO PETITIONER'S
MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Petitioner Anselmo Palomares-Pena, through his attorney, files this Reply to the United States of America's Response (herein "Response") to Petitioner's Second Motion for Preliminary Injunctive Relief. In support of this Reply, Mr. Palomares-Pena would show as follows:

**I.  BOARD HAS ORDERED A 212(c) MERITS HEARING**

Petitioner had requested leave of this court to file a Special 212(c) Motion with the Board of Immigration Appeals ("Board" herein) in October, 2004 (Dkt. No. 19). The Court granted leave, Petitioner filed the Special Motion with the Board on or about October 28, 2004, and recently on July 28, 2005, the Board entered its order finding that the Petitioner presented a prima facie case for 212(c) relief. A copy of that Board decision is attached as Exhibit A and by reference herein incorporated for all purposes. Since the Board decision

reopened the case on the merits and remanded the case for a hearing on relief, Petitioner joins Counsel for Respondents' statement that this case should not be transferred (Response, P.2) because there is no longer a final order of removal. Petitioner suggests that that portion of this instant case be abated or stayed pending the outcome of the merits hearing before the Immigration Judge and exhaustion of administrative remedies related to that decision, if any remedy becomes necessary. By retaining this case on its docket while Petitioner preserves any grounds for appeal with the Board, should such be necessary, the Petitioner could then amend this instant habeas petition so that the case might be fully litigated, in a manner which would permit judicial efficiency. Because of Petitioner's acknowledged *prima facie* case, because of Petitioner's substantial employment and family equities, because of his rehabilitation demonstrated by the lack of any arrest or conviction subsequent to the 1995 offense giving rise to this case, Petitioner hopes to prevail on 212(c) relief. In that event, upon the grant of 212(c) relief becoming final, Petitioner would anticipate notifying this court in an appropriate pleading immediately, so that the portion of the case related to any order of removal could be dismissed.

## II. ONLY THIS COURT HAS JURISDICTION OVER PETITIONER'S DETENTION

### A. Charged as an "Arriving Alien", Petitioner Has No Detention Relief in Administrative Courts.

Because Petitioner is charged as an "arriving alien", under 8 U.S.C. 1101 (a) (13) (C) (v), Sec. 101 (a) (13) (C) (v), no administrative court has jurisdiction over his release while the case pends. 8 C.F.R. §§1003.19 (h)(2)(i)(B), 236.1(c)(11) and 1236.1(c)(11). An arriving alien and legal permanent resident, like Petitioner, is deemed to be seeking admission upon return because of the 1995 offense. *Matter of Collado-Munoz*, 21 I&N Dec. 1061 (BIA 1997).

That Petitioner is charged as an arriving alien is determined by review of the charging document, the Notice to Appear, a copy of which is attached hereto as Exhibit B, and by reference herein incorporated for all purposes. Petitioner would long ago have sought bond from the administrative court, had such been available to him.

**B. Jurisdiction Lies With the Federal District Court in its Habeas Corpus Jurisdiction.**

Because Petitioner was subject to a final order of removal from December, 2003 (upon the Immigration Judge ordering removal) to July 28, 2005, (when the Board reopened the case and remanded it for a merits hearing by the Immigration Judge), Petitioner has relied upon the post-removal *Zadvydas v. Davis*, 533 U.S. 678, 689, 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001) line of cases in seeking this court's consideration of his release. (Dkt.Nos. 3, 4, 14, and 30). Most recently, in *Clark v.Martinez*, 125 S. Ct. 716, 722, 160 L. Ed. 2d734 (2005), the U.S. Supreme Court reiterated that *Zadvydas* applied to excludable and/or inadmissible aliens, such as Petitioner who as an arriving alien is considered to be seeking admission to the U.S, and so is deemed to be inadmissible.

Now that the Board has reopened the case, jurisdiction to consider bond remains with the federal district court under its habeas corpus jurisdiction to consider constitutional violations of law. *Oyelude v. Chertoff*, 125 Fed. Appx. 543; 2005 U.S. App. LEXIS 4118 (5th Cir. 2005).

### III. Conclusion

Jurisdiction remains in the district court. The Petitioner complied with exhaustion of remedies procedures, to the extent any were available. The Court may appropriately consider the release from detention issue, and may retain the case on its docket for conclusion of proceedings before the Immigration Court.

WHEREFORE, Petitioner prays that the Court order Respondents to release Petitioner, and for such and further relief as is just.

Respectfully submitted,

*Paula Waddle*
Paula S. Waddle, Attorney in Charge
4793 W. Expressway 83
Harlingen, TX 78556
(956) 425-6987
(956) 425-7434 (Fax)
State Bar No: 26030400
Fed. I.D. No. 5674
ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that, on August 29, 2005, I served a true copy of the *Petitioner's Response to the Motion to Dismiss* by hand delivery to Defendants' Counsel;

Mr. Rene Benevides
Assistant United States Attorney for the Southern District of Texas
United States Attorney's Office
1701 W. Highway 83, Suite 600, TCB-Bentsen Tower
McAllen, Texas 78501

*Paula Waddle*
Paula S. Waddle